LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADAM SARR, *on behalf of herself,*
*FLSA Collective Plaintiffs, and the Class,*

               Plaintiff,

               v.

SINERGIA, INC., and
DONALD LASH,

               Defendants.

---

Case No :

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

       Plaintiff, ADAM SARR ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, SINERGIA, INC. ("Corporate Defendant"), and DONALD LASH ("Individual Defendant," and collectively with the Corporate Defendant, the "Defendants"), and states as follows:

**<u>INTRODUCTION</u>**

       1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from

Defendants: (1) unpaid travel time; (2) unpaid wages, including overtime, due to time shaving; (3) liquidated damages; and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid travel time; (2) unpaid wages, including overtime, due to time shaving; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff, ADAM SARR, for all relevant time periods, was a resident of Westchester County, New York.

6.      Defendants operate a not-for-profit company which provide services and resources for people with disabilities, and underserved people with various limitations. Defendants operate hundreds of job sites throughout NYC. All employees are paid by Defendants regardless of which job site they work. All job sites have a centralized HR department and have the same employment policies through the same employment handbook. Employees can apply for positions at various sites through Defendants website.

7.      Corporate Defendant SINERGIA, INC. is a domestic not-for-profit company organized under the laws of the State of New York with a principal place of business located at

2082 Lexington Avenue, 4th Floor, New York, NY 10035, and an address for service of process located at c/o Richard M. Lash, 250 West 104th Street, New York, NY 10025.

8.       Individual Defendant DONALD LASH is the Executive Director of Corporate Defendant and has operational control of Corporate Defendant. Individual Defendant DONALD LASH exercises the power to, and also delegates to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendant. Individual Defendant DONALD LASH has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant DONALD LASH additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant DONALD LASH ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendant is operating efficiently and profitably.

9.       At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

10.      At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to direct support professionals, home attendants, home care agents among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to: (i) pay for all hours worked due to a policy of not compensating for travel time; and (ii) pay for all wages, including overtime, due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including, but not limited to direct support professionals, home attendants, home care agents among others, employed by Defendants

4

on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of: (i) failing to pay for all hours worked due to a policy of not compensating for travel time; (ii) failing to pay for all wages, including overtime, due to time shaving; (iii) failing to provide proper wage statements per requirements of the NYLL; and (iv) failing to provide wage and hour notices, at date of hiring and annually, per requirements of the NYLL.

18.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)   Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b)   What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members;

c)   At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

d)   Whether Defendants properly notified Plaintiff and Class Members of their hourly rate and overtime rate;

e)   Whether Defendants paid Plaintiff and Class Members proper wages for all hours worked, including overtime hours;

f)   Whether Defendants paid Plaintiff and Class Members and the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

g)   Whether Defendants failed to properly compensate Plaintiff and Class Members for travel time;

h)   Whether Defendants caused time shaving by paying Plaintiff and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

i)   Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL; and

j)   Whether Defendants provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL.

## STATEMENT OF FACTS

23.   In or about September 2020, Plaintiff was hired by Defendants to work as a direct support professional. During her employment, she was stationed at various homes and residences ("locations") throughout New York City: 3016 Corlear Avenue, Bronx, NY 10463; 3018 Corlear Avenue, Bronx, NY 10463; 100 West 139th Street, #32A, New York, NY 10030; 759 Home Street, Bronx, NY 10456; and 415 East 37th Street, #35J, New York, NY 10016. She was required to travel between locations during her workday and was never compensated for such travel time. Plaintiff's employment with Defendants terminated on November 23, 2021.

24.   Throughout her employment with Defendants, Plaintiff was scheduled to work five (5) days per week, on Wednesdays through Fridays from 4:00 p.m. to 9:00 p.m., and on Saturdays

and Sundays from 7:00 a.m. to 9:00 p.m., for a total of forty-three (43) hours per week. FLSA Collective Plaintiffs and Class Members worked a similar number of hours each week.

25.     Throughout her employment with Defendants, Plaintiff was paid at a base hourly rate of sixteen dollars and fifty cents ($16.50) per hour. FLSA Collective Plaintiffs and Class Members were all compensated at similar rates throughout their employment.

26.     Throughout her employment with Defendants, Plaintiff was not always paid the overtime premium of one-and-one-half times her regular rate of pay for her hours worked in excess of forty (40) per week due to time shaving, as required under the FLSA and NYLL.

27.     Throughout Plaintiff's employment with Defendants, she was not compensated for all hours worked due to Defendants' time shaving policies. Plaintiff was subject to a one (1) hour automatic meal break deduction, which she did not take four (4) times a week because she would be the only person at the job site. As a result, Plaintiff was time shaved a total of four (4) hours per week. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of time shaving.

28.     As a direct support professional, Plaintiff would travel to multiple locations during her workday. After completing her work at one location, she would travel to multiple other locations, checking in and completing her shift at each location. The time traveling between locations was not compensated. Plaintiff would have to clock out, then travel to new location, then clock in at the new location. This occurred twice (2) a week, and Plaintiff was not compensated for four (4) hours of travel time per day. FLSA Collective Plaintiffs and Class Members worked similar positions and were similarly not compensated for travel time.

29.     At all relevant times, Defendants never provided Plaintiff with wage notices as required by the NYLL. Similarly, Class Members were never provided with any wage notices.

30.     At all relevant times, Defendants did not provide Plaintiff with proper wage statement because they failed to accurately reflect her hours worked, in violation of the NYLL. Similarly, Class members also did not receive proper wage statements that failed to accurately reflect their hours worked.

31.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and NYLL.

32.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notice to Plaintiff and Class Members as required under the NYLL.

33.     Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to Plaintiff and Class Members as required under the NYLL, as the wage statements did not accurately reflect the number of hours worked by employees.

34.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

36.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

38.      At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00.

39.     At all relevant times, Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay due unpaid travel time and time shaving.

40.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to a policy of not compensating for travel time.

41.     At all relevant times, Defendants had a policy and practice of failing to pay wages to Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time shaving.

42.     Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

44.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

46.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid travel time; unpaid wages, including overtime, due to time shaving; plus an equal amount as liquidated damages.

47.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

48.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

49.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

50.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members the full amount of wages due including overtime under the NYLL.

51.     Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to unpaid travel time and time shaving.

52.     Defendants knowingly and willfully failed to provide wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class Members, as required by NYLL § 195(1).

53.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by NYLL § 195(3). Defendants provided fraudulent wage statements that failed to accurately reflect the proper compensation owed and hours worked by Plaintiff and Class Members.

54.     Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid travel time; unpaid wages, including overtime, due to time shaving, statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

    a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

    b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

   c.   An award of unpaid travel time;

   d.   An award of unpaid wages and overtime compensation due to time shaving;

   e.   An award of unpaid wages, including overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, due under the FLSA and NYLL;

   f.   An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements;

   g.   An award of liquidated damages as a result of Defendants' willful failure to pay the proper overtime wages, pursuant to the FLSA and/or NYLL;

   h.   An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

   i.   Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

   j.   Designation of this action as a class action pursuant to F.R.C.P. 23;

   k.   Designation of Plaintiff as Representatives of the Class; and

   l.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury .

Dated: May 4, 2022

Respectfully submitted,
By: ___/s/ C.K. Lee_____
         C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*