**LEE LITIGATION GROUP, PLLC**
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
                   cklee@leelitigation.com

July 20, 2022

**Via ECF**
The Honorable Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *Sarr v. Sinergia, Inc. et al.*
            Case No.: 1:22-cv-03610 (VEC) (RWL)

Dear Judge Caproni:

We are counsel to Plaintiff in the above-identified matter and we write jointly with counsel for the Defendants in response to Your Honor's Order on July 14, 2022 [Dkt. 20].

**1. Brief Description of the Case**

Plaintiff:

Plaintiff ADAM SARR, on behalf of herself and others similarly situated, brings claims against Defendants. SINERGIA, INC., and DONALD LASH for unpaid wages under the FLSA and NYLL.

Plaintiff brings claims for: (1) unpaid travel time; (2) unpaid wages, including overtime, due to time shaving; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

Defendants:

Plaintiff received a wage notice upon hiring, accurate wage statements with each of her wage payments, and was paid for all hours worked. Plaintiff is not entitled to the relief requested.

**2. Contemplated Motions**

Plaintiff:

Plaintiff anticipates a 216(b) Motion for Conditional Class Certification, Rule 23 Class Certification Motion, and a Summary Judgment Motion.

Defendants:

Defendants oppose certification of a collective and class action under the FLSA and Rule 23, respectively. If this matter cannot be settled, Defendants will file a motion for summary judgment following discovery.

**3. The Basis for Subject Matter Jurisdiction**

<u>Plaintiff:</u>

This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2), as the events giving rise to this lawsuit occurred in the Southern District.

<u>Defendants:</u>

The Court lacks subject matter jurisdiction because the business of Sinergia, Inc. is limited to New York State. Sinergia, Inc. is not engaged in interstate commerce within the meaning of the FLSA. Plaintiff was not engaged in interstate commerce while employed by Sinergia, Inc.

**4. Prospect for Settlement**

<u>Plaintiff:</u>

Plaintiff is not open to settlement discussions. Plaintiff believes that settlement discussions will be more meaningful after the parties engage in discovery and depositions.

5. <u>Defendants:</u>

Defendants are open to attending a settlement conference or court-annexed mediation on an individual, not collective or class, basis following initial document discovery.

**6. Rule 16 Conference**

<u>Plaintiff:</u>

Plaintiff believes that a Rule 16 conference is not necessary and asks that the proposed Case Management Plan simply be so ordered.

<u>Defendants:</u>

Defendants agree that a Rule 16 conference is not necessary if the Court adopts the Parties' proposed Case Management Plan. Defendants also note that their lead attorney, Gianfranco J. Cuadra, may not be available for an initial pretrial conference on July 29, 2022, due to a personal scheduling conflict. If necessary, Defendants will file a letter-motion requesting a brief adjournment of the Rule 16 conference per the Court's Individual Rules.

The parties thank the Court in advance for its assistance on this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF