**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADAM SARR, *on behalf of herself,*
*FLSA Collective Plaintiffs, and the Class,*

                    Plaintiff,

        v.

SINERGIA, INC., and
DONALD LASH,

                    Defendants.

Case No.: 22-cv-03610

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

Lee Litigation Group, PLLC
C. K. Lee, Esq. (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*

# TABLE OF CONTENTS

EXHIBITS ........................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................... iii

I.     PRELIMINARY STATEMENT ........................................................................1

II.    PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS ...............................2

III.   PLAINTIFF IS SIMILARLY SITUATED AS COVERED EMPLOYEES ......4

IV.    ARGUMENT ......................................................................................................6

       A.     THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER
              NOTICE ................................................................................................ 7

              i.     The Standard for Conditional Certification and Notice Is
                     Lenient ........................................................................................7

              ii.    The Underlying Merits of the Case are Immaterial to the
                     Determination of Conditional Certification and Notice...............9

              iii.   Plaintiff Has Made the Modest Factual Showing Required
                     for Conditional Certification........................................................10

       B.     EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS
              APPROPRIATE AND NECESSARY ................................................... 10

              i.     Sending Expedited Notice to "Similarly Situated"
                     Employees Fulfills the FLSA's Broad Remedial Purposes .....................11

       C.     DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS
              PROPER AND NECESSARY UNDER § 216(b) ................................. 12

       D.     THE PROPOSED NOTICE IS FAIR AND ADEQUATE................................. 13

       E.     EQUITABLE TOLLING.................................................................... 13

V.     CONCLUSION.................................................................................................14

## EXHIBITS

**EXHIBIT A – Proposed Form of Collective Notice**
**EXHIBIT B – Plaintiff Sarr's Paystub**
**EXHIBIT C – Declaration of Adam Sarr**

## TABLE OF AUTHORITIES

### CASES

29 U.S.C. §§ 256 .................................................................................................................. 11

*Anglada v. Linens 'N Things, Inc.*,
   No. 06 Civ. 12901, 2007 WL 1552511 (S.D.N.Y. Apr. 26, 2007) ................................ 7, 10, 12

*Balverde v. Lunella Ristorante, Inc.*,
   No. 15-cv-5518, 2016 WL 2757430 (S.D.N.Y. May 11, 2016) ............................................ 8

*Bittencourt v. Ferrara Bakery & Cafe Inc.*,
   310 F.R.D. 106 (S.D.N.Y. 2015) ......................................................................................... 9

*Braunstein v E. Photographic Labs.*,
   600 F.2d 335 (2d Cir. 1978) ............................................................................................... 11

*Brooklyn Sav. Bank v. O'Neil*,
   324 U.S. 697 (1945) ........................................................................................................... 15

*Cabrera v. Stephens*,
   2017 U.S. Dist. LEXIS 160044, 2017 WL 4326511 (E.D.N.Y. 2017) .................................. 14

*Chao v. Gotham Registry, Inc.*,
   514 F.3d 280 (2d Cir. 2008) ............................................................................................... 14

*Cook v. United States*,
   109 F.R.D. 81 (E.D.N.Y. 1985) ......................................................................................... 11

*Cuzco v. Orion Builders, Inc.*,
   477, F. Supp. 2d 628 (S.D.N.Y. 2007) ............................................................................ 6, 12

*D.A. Schulte, Inc. v. Gangi*,
   328 U.S. 108 (1946) ........................................................................................................... 14

*Dumitrescu v. Mr. Chow Enters., Ltd.*,
   No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881 (S.D.N.Y. June 30, 2008) .......................... 9

*Fasanelli v. Heartland Brewery, Inc.*,
   516 F. Supp. 2d 317 (S.D.N.Y. 2007) ........................................................................... passim

*Fonseca v. Dircksen & Talleyrand, Inc.*,
   No. 13-CV-5124, 2014 WL 1487279 (S.D.N.Y. April 11, 2014) ........................................... 4

*Foster v. City of New York, New York*,
   No. 14-CV-4142, 2017 WL 11591568 (S.D.N.Y. Sept. 30, 2017) ...................................... 14

*Foster v. Food Emporium*,
   No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26, 2000) ........................... 11

*Garcia v. Chipotle Mexican Grill, Inc.*,
   2016 U.S. Dist. LEXIS 153531 (S.D.N.Y. Nov. 4, 2016) ...................................................... 3

*Garriga v. Blonder Builders Inc.*,
   No. CV 17-497 (JMA) (AKT), 2018 U.S. Dist. LEXIS 171887 (E.D.N.Y. Sep. 28, 2018) ...... 3

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
   282 F. Supp. 2d 91 (S.D.N.Y. 2003) ....................................................................... 9, 12, 13

*Guaman v. 5 M Corp.*,
   No. 13-cv-3820, 2013 WL 5745905 (S.D.N.Y. Oct. 23, 2013) ............................................ 8

*Guzelgurgenli v. Prime Time Specials Inc.*,
   883 F. Supp. 2d 340 (E.D.N.Y. 2012) ................................................................................. 6

*Hallissey v. Amer. Online, Inc.*,
   No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008) .......................... 7

*Hamadou v. Hess Corp.*,
  915 F. Supp. 2d 651 (S.D.N.Y. 2013)................................................................................. 5
*Harhash v. Infinity West Shoes, Inc.*,
  No. 10 Civ. 8285, 2011 U.S. Dist. LEXIS 96880 (S.D.N.Y. Aug. 24, 2011) ........................... 6
*Hernandez v. Bare Burger Dio Inc.*,
  No. 12 Civ. 7794, 2013 WL 3199292 (S.D.N.Y. June 25, 2013)............................................. 5
*Hoffmann v. Sbarro, Inc.*,
  982 F. Supp. 249 (S.D.N.Y. 1997)........................................................................... 8, 10, 12
*Hoffmann-La Roche Inc. v. Sperling*,
  493 U.S. 165 (1989)............................................................................................................ 11
*Iglesias-Mendoza v. La Belle Farm, Inc.*,
  239 F.R.D. 363 (S.D.N.Y. 2007) .................................................................................. 7, 8, 12
*Iriarte v. Redwood Deli & Catering, Inc.*,
  No. 07 Civ. 5062, 2008 WL 2622929 (E.D.N.Y. June 30, 2008)............................................. 5
*Jason v. Falcon Data Com, Inc.*,
  No. 09 Civ. 03990, 2011 WL 2837488 (E.D.N.Y. 2011) ........................................................ 4
*Jian Wu v. Sushi Nomado of Manhattan, Inc.*,
  2019 U.S. Dist. LEXIS 127895 (S.D.N.Y. July 25, 2019) ..................................................... 14
*Khalil v. Original Homestead Rest., Inc.*,
  No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372 (S.D.N.Y. Aug. 9, 2007) ........................... 4, 8
*Khamsiri v. George. & Frank's Japanese Noodle Rest. Inc.*,
  No. 12 Civ. 265, 2012 WL 1981507 (S.D.N.Y. June 1, 2012)................................................. 5
*King v. FedCap*,
  2022 WL 292914 .............................................................................................................. 6, 8
*Laroque v. Domino's Pizza, LLC*,
  557 F. Supp. 2d 346 (E.D.N.Y. 2008) ................................................................................... 9
*Lee v. ABC Carpet Home*,
  236 F.R.D. 193 (S.D.N.Y. 2006) ................................................................................. 8, 12, 13
*Lynch v. United Servs. Auto. Ass'n*,
  491 F. Supp. 2d 357 (S.D.N.Y. 2007).................................................................................. 10
*Masson v. Ecolab, Inc.*,
  No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 17, 2005) ......................... 9
*Mazur v. Olek Lejbzon & Co.*,
  No. 05 Civ. 2194, 2005 WL 3240472 (S.D.N.Y. Nov. 29, 2005) ......................................... 8, 9
*Mentor v. Imperial Parking Sys.*,
  246 F.R.D. 178 (S.D.N.Y. 2007) ......................................................................................... 7, 9
*Moore v. Eagle Sanitation Inc.*,
  276 F.R.D. 54 (E.D.N.Y. 2011) ............................................................................................. 5
*Overnight Motor Transp. Co. v. Missel*,
  316 U.S. 572 (1942)............................................................................................................ 14
*Patton v. Thomson Corp.*,
  364 F. Supp. 2d 263 (E.D.N.Y. 2005) ................................................................................. 12
*Pefanis v. Westway Diner, Inc.*,
  No. 08 Civ. 0002, 2008 U.S. Dist. LEXIS 81082 (S.D.N.Y Oct. 8, 2008) .............................. 5
*Ramos v. DNC Food Serv. Corp.*,
  2020 U.S. Dist. LEXIS 96123 (S.D.N.Y. June 1, 2020) ....................................................... 14

*Realite v. Ark Rests. Corp.*,
    7 F. Supp. 2d 303 (S.D.N.Y. 1998)...................................................................... 8

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*,
    No. 12 Civ. 75, 2013 U.S. Dist. LEXIS 9739 (S.D.N.Y. Jan. 10, 2013).................................... 5

*Sherrill v. Sutherland Global Servs.*,
    487 F. Supp. 2d 344 (W.D.N.Y. 2007) ................................................................. 12

*Sipas v. Sammy's Fishbox, Inc.*,
    No. 05 Civ. 10319, 2006 U.S. Dist. LEXIS 24318 (S.D.N.Y. Apr. 24, 2006) ......................... 4

*Smiley v. E.I. Dupont De Nemours & Co.,*
    839 F.3d 325 (3d Cir. 2016)............................................................................ 14

*Toure v. Cent. Parking Sys. of N.Y.,*
    No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28. 2007) ............ 7, 8, 10, 12

*Winfield v. Citibank, N.A.,*
    843 F. Supp.2d 397 (S.D.N.Y. 2012).............................................................. 4, 6

*Young v. Cooper Cameron Corp.*,
    229 F.R.D. 50 (S.D.N.Y. 2005) ...................................................................... 10

*Zhao v. Benihana, Inc.*,
    No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. May 7, 2001)......................... 4, 9

## STATUTES

29 U.S.C. § 202 ...................................................................................... 14
29 U.S.C. § 206(a) .................................................................................. 14
29 U.S.C. § 207 ...................................................................................... 14
29 U.S.C. § 216(b)............................................................................. 1, 11, 12
29 U.S.C. §§ 255 .................................................................................... 11

## I.    PRELIMINARY STATEMENT

On May 4, 2022, Plaintiff Adam Sarr ("Plaintiff SARR" or "Plaintiff") filed a Class and Collective Action Complaint against SINERGIA, INC. (the "Corporate Defendant"), and DONALD LASH (the "Individual Defendant," and together with Corporate Defendant, "Defendants"), seeking unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

Plaintiff brought the FLSA claims on behalf of herself and all current and former non-exempt employees, including, but not limited to direct support professionals, home attendants, home care agents among others, employed by Defendants within the last six (6) years ("Covered Employees"). The Class and Collective Action Complaint seeks to recover the relief set forth in the Plaintiff's Proposed Order,

By this motion, Plaintiff seeks the following:

(1) Conditional certification of the FLSA claim as a representative collective action pursuant to 29 U.S.C. § 216(b)[1] on behalf of Covered Employees;

(2) Court-facilitated notice of this FLSA action to Covered Employees, including a consent form (or opt-in form) as authorized by the FLSA;

(3) Approval of the proposed FLSA notice of this action and the consent form, attached hereto as **EXHIBIT A**;

(4) Approval of the consent forms of opt-in plaintiffs to be sent directly to Plaintiff's counsel;

---

[1] Plaintiff does not currently seek class certification of her state law claims under Fed. R. Civ. P. 23 ("Rule 23").

1

(5)  Production in Excel format of names, Social Security numbers, titles, compensation rates, dates of employment, last known mailing addresses, email addresses and all known telephone numbers of all Covered Employees within ten (10) days of Court approval of conditional certification;

(6)  Posting of the notice, along with the consent forms in each of Defendants' places of business where Covered Employees are employed; and

(7)  Equitable tolling of the FLSA statute of limitations until such time that Plaintiff is able to send notice to potential opt-in plaintiffs.

## II.    PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS

In or about September 2020, Plaintiff was hired by Defendants to work as a direct support professional. *See* **EXHIBIT C, Declaration of Adam Sarr** ("Sarr Decl.") ¶ 1. During her employment, she was stationed at various homes and residences ("locations") throughout New York City: 3016 Corlear Avenue, Bronx, NY 10463; 3018 Corlear Avenue, Bronx, NY 10463; 100 West 139th Street, #32A, New York, NY 10030; 759 Home Street, Bronx, NY 10456; and 415 East 37th Street, #35J, New York, NY 10016. *Id.* Plaintiff was required to travel between locations during her workday and was never compensated for such travel time. *Id.* Plaintiff's employment with Defendants terminated on November 23, 2021. *Id.*

During Plaintiff Sarr's employment with Defendants, as provided in her declaration filed in support of this motion, Plaintiff Sarr suffered significant wage and hour violations. Plaintiff Sarr also personally observed and conversed with other workers employed by Defendants suffering from the same policies. Sarr Affid. ¶¶ 1-2, 5-12. Specifically, Plaintiff Sarr and all other employees suffered from Defendants' policy of failing to pay for travel time; and failing to pay proper wages, including overtime, due time shaving, thereof in violation of the FLSA. Sarr Decl. ¶¶ 1, 5-10.

2

As a direct support professional, Plaintiff would travel to multiple locations during her workday. Sarr Decl. ¶¶ 7-8.  After completing her work at one location, she would travel to various other locations, checking in and completing her shift at each location. *Id.* The time traveling between locations was not compensated. Sarr Decl. ¶¶ 1, 7-8. Plaintiff was required to clock out, travel to a new location, then clock back in at the new location. Sarr Decl. ¶¶ 7-8. This occurred twice (2) a week, and Plaintiff was not compensated for four (4) hours of travel time per day. *Id.* *See also* **Exhibit B, Plaintiff Sarr's Paystub.**

During Plaintiff SARR's employment by Defendants, she did not always receive the proper overtime compensation, despite working over forty (40) hours per workweek due to time shaving. Sarr Decl. ¶¶ 5-6, 9-10.

Plaintiff was not compensated for all her hours worked due to Defendants' time shaving policies. Sarr Decl. ¶¶ 9-10. Plaintiff was subject to a one (1) hour automatic meal break deduction, which she did not take four (4) times a week because she was the only person working at the job site. *Id.* As a result, Plaintiff was time shaved a total of four (4) hours per week. Sarr Decl. ¶ 9.

Through this motion, Plaintiff seeks to represent a collective class of employees under the FLSA comprised of all non-exempt workers employed by Defendant SINERGIA, INC. in the last six (6) years. *See Garcia v. Chipotle Mexican Grill, Inc.*, 2016 U.S. Dist. LEXIS 153531, *27-29 (S.D.N.Y. Nov. 4, 2016) (this Court "conditionally certify[ing] this case as a citywide collective action . . . as to Plaintiff's time shaving claim under the FLSA."). *See Garriga v. Blonder Builders Inc.,* No. CV 17-497 (JMA) (AKT), 2018 U.S. Dist. LEXIS 171887 at *15-17 (E.D.N.Y. Sep. 28, 2018) (granting conditional collective certification for six (6) years from the date of the filing of the Complaint as "[m]ultiple courts in the East District, including this Court have held that in some circumstances where a case involves both NYLL and FLSA claims, it promotes judicial economy

to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims.") (internal citations omitted); *Fonseca v. Dircksen & Talleyrand, Inc.,* No. 13-CV-5124, 2014 WL 1487279, at *6 (S.D.N.Y. April 11, 2014) (approving request for a six-year notice period); *Winfield v. Citibank, N.A.,* 843 F. Supp.2d 397, 410 (S.D.N.Y. 2012) (same).

### III.    PLAINTIFF IS SIMILARLY SITUATED AS COVERED EMPLOYEES

At all relevant times, Plaintiff SARR worked as a direct support professional. Sarr Decl. ¶ 1. Based on her personal observations and direct conversations with co-workers, other workers employed Defendants similarly suffered from Defendants' common policy of failing to pay for travel time, and failing to pay proper wages, including overtime, due to time shaving. Sarr Decl. ¶¶ 1-2, 5-10.

Plaintiff's allegations in the pleadings and Plaintiff's declarations are sufficient to make a modest factual showing to support conditional certification. *See, e.g., Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319, 2006 U.S. Dist. LEXIS 24318, at *8 (S.D.N.Y. Apr. 24, 2006) (certifying collective action based upon complaint and affidavits); *Jason v. Falcon Data Com, Inc.*, No. 09 Civ. 03990, 2011 WL 2837488 (E.D.N.Y. 2011) (certifying collective action based upon complaint and one affidavit); *Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678, at *2 (S.D.N.Y. May 7, 2001) (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Plaintiff's declarations attest to Defendants' common policies of FLSA violations. Plaintiff's own experiences and best knowledge based on her personal observations and conversations shared with Covered Employees sufficiently support her assertions that Defendants

4

uniformly applied employment policies and compensation schemes to all Covered Employees. Sarr Decl.

Affidavits by themselves should be sufficient because the Court at this point is not to ascertain the reliability of such affidavits, just whether such affidavits allege a common policy of violations. Courts in the Second Circuit have regularly granted conditional certification based on only one affidavit. *See Khamsiri v. George. & Frank's Japanese Noodle Rest. Inc*., No. 12 Civ. 265, 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (granting conditional collective certification based on a single affidavit); *Iriarte v. Redwood Deli & Catering, Inc.*, No. 07 Civ. 5062, 2008 WL 2622929 (E.D.N.Y. June 30, 2008) (conditional collective certification was granted based on only one plaintiff declaration); *Pefanis v. Westway Diner, Inc.*, No. 08 Civ. 0002, 2008 U.S. Dist. LEXIS 81082, at *3-4 (S.D.N.Y Oct. 8, 2008) (granting conditional collective certification in a case with single plaintiff and no opt-ins); *Hernandez v. Bare Burger Dio Inc.*, No. 12 Civ. 7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) ("courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit"). Here, Plaintiff has submitted an affidavit with specific allegations about how she and Covered Employees were not paid for all their hours worked under a common policy of unpaid travel time, and unpaid wages, including overtime, due to time shaving.

Plaintiff's allegations rely not just on his own observations but also on hearsay from co-workers. Courts in this Circuit regularly rely on hearsay evidence to determine the propriety of sending a collective action notice. *Sanchez v. Gansevoort Mgmt. Grp., Inc*., No. 12 Civ. 75, 2013 U.S. Dist. LEXIS 9739, at *1 (S.D.N.Y. Jan. 10, 2013); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 644 (S.D.N.Y. 2013) (citing *Moore v. Eagle Sanitation Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011)). "Such approach is consistent with the purpose of conditional certification which is only a

preliminary determination as to whether there is a sufficient showing to warrant notice being sent to the purported collective class." *Winfield v. Citibank, N. Am.*, 843 F. Supp. 2d 397, 402-403 (S.D.N.Y. 2012). *See also Harhash v. Infinity West Shoes, Inc.*, No. 10 Civ. 8285, 2011 U.S. Dist. LEXIS 96880, at *3-4 (S.D.N.Y. Aug. 24, 2011) (granting conditional class certification in part based on plaintiffs' statements that they had spoken with or knew of other sales employees of defendants' shoe stores that complained of the same compensation policies); *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 352 (E.D.N.Y. 2012) (relying on the plaintiffs' allegations that three other delivery drivers for defendants' stores, who were identified only by first name, complained that they too were not paid for overtime hours); *King v. FedCap,* 2022 WL 292914 at *5 (granting conditional certification in time shaving case based on plaintiff's declaration attesting to conversations with other employees who suffered same violations; declaration from a former employee attesting to suffering same violations).

## IV.    ARGUMENT

To protect putative collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve the distribution of notice to all Covered Employees because the initial pleadings and preliminary evidence show that all Covered Employees are similarly situated. Based on the Complaint, Plaintiff's produced documents in support of this motion, and Plaintiff's declaration in support of this motion, Plaintiff and Covered Employees worked as non-exempt employees, were similarly situated. Defendants failed to pay them their lawful wages, including for travel time, and their lawful wages, including overtime, due to time shaving. Thus, they "together were victims of a common policy or plan that violated the law." *Cuzco v. Orion Builders, Inc.*, 477, F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted).

A.    **THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE**

    i.    **The Standard for Conditional Certification and Notice Is Lenient**

"Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007). At the first stage, "courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff." *Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12901, 2007 WL 1552511, at *11 (S.D.N.Y. Apr. 26, 2007); *Mentor v. Imperial Parking Sys.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007). Under this lenient standard, a court will certify a class as a collective action and order notice to potential class members where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007) (internal quotation omitted). Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, plaintiffs need only make a "modest factual showing" that they "are similarly situated *with respect to their allegations that the law has been violated.*" *Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation omitted; emphasis in original). Plaintiff must demonstrate that there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." *Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *6 (S.D.N.Y. Sept. 28, 2007) (internal quotation omitted; alterations in original); *see also Mentor*, 246 F.R.D. at 181; *Fasanelli*, 516 F. Supp. 2d at

321. Plaintiff meet his burden where putative collective members "together were victims of a common policy or plan that violated the law[.]" *Lee v. ABC Carpet Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal quotation omitted), such as when they are all "employees of the same restaurant enterprise and allege the same types of FLSA violations." *Fasanelli*, 516 F. Supp. 2d at 322; *see also Toure*, 2007 U.S. Dist., LEXIS 74056, at *6 (stating that a plaintiff need only make a "modest factual showing" of similarity to satisfy the "relatively lenient evidentiary standard"); *Cuzco*, 477 F. Supp. 241 at 632-33 (plaintiff satisfied "minimal burden" by making "modest factual showing"); *Iglesias-Mendoza*, 239 F.R.D. at 367-68 ("[Plaintiffs can satisfy the 'similarly situated' requirement by making a modest factual showing . . . that they and potential plaintiffs together were victims of a common policy or plan that violated the law."] (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)); *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472, at *5 (S.D.N.Y. Nov. 29, 2005) (plaintiffs face only a very limited burden); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are "similarly situated."). "In the Second Circuit, courts routinely find employees similarly situated 'despite not occupying the same positions or performing the same job functions and in the same location, provided that they are subject to a common unlawful policy or practice." *King v. Fedcap*, 2022 WL 292914 at *7 (quoting *Balverde v. Lunella Ristorante, Inc.,* No. 15-cv-5518, 2016 WL 2757430, at *4 (S.D.N.Y. May 11, 2016) (quoting *Guaman v. 5 M Corp.,* No. 13-cv-3820, 2013 WL 5745905, at *4 (S.D.N.Y. Oct. 23, 2013)).

Allegations in the pleadings and declarations are sufficient to make this modest factual showing. *See, e.g.*, *Khalil*, No. 07 Civ 695, 2007 U.S. Dist. LEXIS 70372, at *3 (certifying

collective action based upon complaint and one affidavit); *Zhao*, No. 01 Civ. 1297, 2001 WL 845000, at \*2 (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Unlike a Rule 23 class action, a § 216(b) collective action requires no "showing of numerosity, typicality, commonality and representativeness . . . as a pre-requisite to approval." *Mazur*, 2005 WL 3240472, at \*4 (internal quotation omitted); *see also Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022, at \*37 (S.D.N.Y. Aug. 17, 2005); *Bittencourt v. Ferrara Bakery & Cafe Inc.,* 310 F.R.D. 106, 111 (S.D.N.Y. 2015). The lenient standard for certification and notice under § 216(b) is justified because "[t]he ultimate determination regarding the merits of the case, and whether the class is properly situated – which requires a more 'stringent' inquiry – is made later in the litigation process, after more thorough discovery." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 105 (S.D.N.Y. 2003); *see also Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881, at \*11 (S.D.N.Y. June 30, 2008) (noting that after discovery a court "review[s] the collective action certification more rigorously"). Plaintiff in this case has easily met the lenient standard for certification and notice.

### ii.    The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice

Although Plaintiff is confident that she will successfully establish that Defendants failed to properly compensate herself and the Covered Employees under the FLSA, a discussion of the underlying merits is unnecessary and inappropriate at this time: "[T]he standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008); *see also, e.g.*, *Mentor*, 246 F.R.D. at 181 (stating that "the merits of a plaintiffs claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice"); *Fasanelli*, 516 F. Supp. 2d at 322 ("To the extent that Defendants['] opposition relies on a detailed factual dispute

9

about whether the Defendants maintained an 'illega1 off-the clock' policy, 'illegal tip retention' policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of' the case."); *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (stating that at the conditional certification stage "the merits of a plaintiff's claims need not be evaluated"); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (finding that "[t]he focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated'"); *Hoffmann*, 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that, a definable group of 'similarly situated' plaintiffs can exist here."). Any merits-based argument "is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action[.]" *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *20. Rather, the proper inquiry is merely "whether the putative class alleged by Plaintiff is similarly situated based on the pleadings and any affidavits," *Fasaneilli*, 516 F. Supp. 2d at 321.

### iii.    Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification

Here, Plaintiff has made far more than a modest factual showing that she and Covered Employees are similarly situated. Plaintiff's detailed allegations in the Complaint, declaration, and produced documents show that all Covered Employees were subject to the same compensation scheme. As such, if proven, these allegations establish that Defendants maintained illegal policies and practices that similarly affected all Covered Employees employed by Defendants.

### B.    EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY

Collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Braunstein v E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1978); *Fasanelli*, 516 F. Supp. 2d at 323. The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments arising from the same events and brought under the same laws.

i.    **Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes**

Expedited notice is critical in FLSA actions. Unlike absent class members in a Rule 23 class action, potential class members in an FLSA collective action must affirmatively consent (or "opt-in") to be covered by the suit. 29 U.S.C. § 216(b). The statute of limitations continues to run on each individual's claim until he or she files a written consent form with the Court. 29 U.S.C. §§ 255, 256 (b). To ensure that the rights protected by the FLSA do not grow stale through lack of knowledge, the Supreme Court has held that courts have broad authority to facilitate early notice of the existence of the lawsuit to potential opt in plaintiffs. *Hoffmann-La Roche*, 493 U.S. at 170. Notice to putative class members should be given as soon as possible since, because of the statute of limitations, "potential plaintiffs may be eliminated as each day goes by." *Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26, 2000); *see also Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("Certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.") (internal quotation marks and citation omitted). Thus, early distribution of a notice of pendency is crucial in an FLSA collective action.

11

The Court need not and should not delay the sending of notice until the completion of discovery. *Toure*, 2007 U.S. Dist. LEXIS 74056, at *8 (ordering notice under 29 U.S.C. § 216(b) where only limited discovery had taken place); *Iglesias-Mendoza*, 239 F.R.D. at 368 ("The court is not obliged to wait for the conclusion of discovery before it certifies the collective action and authorizes notice."); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005) (ordering notice before full discovery in order to "facilitate[] the [FLSA]'s broad remedial purpose . . . promot[e] efficient case management . . . [and] preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case") (internal citations omitted); *Hoffmann*, 982 F. Supp. at 262 (ruling that the Court need not "wait for defendant to complete its discovery before authorizing class notice. To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management"). In lieu of discovery, courts rely upon allegations in a complaint and employee declarations to determine whether plaintiffs and potential opt in collective members are similarly situated. *E.g.*, *Gjurovich*, 282 F. Supp. 2d at 104.

### C.    DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER § 216(b)

It is appropriate for courts in collective actions to order the discovery of names and contact information of potential collective members. *E.g., Lee*, 236 F.R.D. at 202; *Fasanelli*, 516 F. Supp. 2d at 323-24; *Cuzco*, 477 F Supp. 2d at 637; *Sherrill v. Sutherland Global Servs.*, 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007); *Patton*, 364 F. Supp. 2d at 268. "Courts within this Circuit routinely grant plaintiff's motion to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *22.

Plaintiff therefore requests that, in addition to entering an order granting conditional certification and approving Plaintiff's proposed notice, the Court order Defendants to produce within ten (10) days of its Order a list of all Covered Employees in Excel format who were employed by Defendants at any point in the six (6) years prior to the entry of the Order with the following information: names, titles, compensation rates, date of employment, last known mailing addresses, email addresses, and all known telephone numbers.

### D.    THE PROPOSED NOTICE IS FAIR AND ADEQUATE

Attached hereto as **EXHIBIT A** is Plaintiff's proposed judicial notice. The proposed notice provides clear instructions on how to opt-in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of the court." *Lee*, 236 F.R.D. at 202; *see also Gjurovich*, 282 F. Supp. 2d at 106. "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli*, 516 F. Supp. 2d at 323. The proposed notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action and should be adopted.

### E.    EQUITABLE TOLLING

In ruling on the instant motion, Plaintiff respectfully requests that the applicable FLSA statute of limitations not be tolled until such time that Plaintiff is able to send notice to potential opt-in plaintiffs. District Courts in this and other Circuits have increasingly granted a plaintiff's request for equitable tolling to avoid the prejudice to actual or potential opt-in plaintiffs that can

arise from the unique procedural posture of these types of cases. *See, e.g.*, *Ramos v. DNC Food Serv. Corp.*, 2020 U.S. Dist. LEXIS 96123, *29 (S.D.N.Y. June 1, 2020) (finding that "[b]ecause [the certification] motion has been pending for several months . . . equitable tolling through at least until the date of this Opinion & Order is appropriate, and may be appropriate through the date of issuance of the Notice"); *Cabrera v. Stephens*, 2017 U.S. Dist. LEXIS 160044, 2017 WL 4326511, at *7 (E.D.N.Y. 2017) (holding that equitable tolling was appropriate to account for the time period needed for the court to issue a ruling on the conditional certification motion); *Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 U.S. Dist. LEXIS 127895 (S.D.N.Y. July 25, 2019) (collecting cases).

## V.    CONCLUSION

The FLSA is a "uniquely protective," "remedial" and "humanitarian" statute. *See Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 285 (2d Cir. 2008). An express policy of the FLSA is "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202. The FLSA accordingly establishes a minimum wage, 29 U.S.C. § 206(a), "to secure for the lowest paid segment of the nation's workers a subsistence wage," *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946). The FLSA also requires the payment of overtime compensation, 29 U.S.C. § 207, "to remedy the 'evil of overwork' by ensuring workers were adequately compensated for long hours, as well as by applying financial pressure on employers to reduce overtime," *Chao*, 514 F.3d at 285 (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 576-78 (1942)). "Among the bedrock principles of the FLSA is the requirement that employers pay employees for all hours worked." *Foster v. City of New York, New York,* No. 14-CV-4142, 2017 WL 11591568, at *17 (S.D.N.Y. Sept. 30, 2017) (quoting *Smiley v. E.I. Dupont De Nemours & Co.,* 839 F.3d 325, 220 (3d Cir. 2016)). When an employer fails to

comply with its obligations, the Act requires the employer to provide the statutorily mandated compensation "to insure restoration [of its employees] . . . to [the] minimum standard of well-being" contemplated by the Act. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707(1945). As such, in order to further the legislative intent, class certification in this case must be granted, particularly to protect the rights of immigrant workers who may fear retribution for asserting their rights in this current anti-immigration climate.

Dated: New York, New York                    Respectfully submitted,

      August 1, 2022

                                              By:    */s/ C.K. Lee*
                                                       C.K. Lee, Esq.

                                                       Lee Litigation Group, PLLC
                                                       C.K. Lee (CL 4086)
                                                       Anne Seelig (AS 3976)
                                                       148 West 24th Street, 8th Floor
                                                       New York, NY 10011
                                                       Tel: (212) 465-1188
                                                       Fax: (212) 465-1181
                                                       *Attorneys for Plaintiff,*
                                                       *FLSA Collective Plaintiffs, and the Class*

16