UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM SARR,<br>*on behalf of herself, FLSA Collective Plaintiffs and the Class,*<br><br>                              Plaintiff,<br>         v.<br><br>SINERGIA, INC, and<br>DONALD LASH,<br><br>                              Defendants. | **Case No.:** 22-cv-03610 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

Lee Litigation Group, PLLC
C. K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff,
FLSA Collective Plaintiffs
and the Class*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................................a

I.      INTRODUCTION ...............................................................................................................1

II.     ARGUMENT .......................................................................................................................1

        A.      Defendants Inappropriately Attempt to Adjudicate Factual Issues ........................ 1

        B.      Plaintiff Adequately Alleges A Common Policy of FLSA Violations ................... 2

        C.      Plaintiff's Affidavit Is More Than Adequate .......................................................... 4

        D.      Plaintiff's Proposed Notice and Notice Procedures Are Proper ............................. 5

III.    LIMITATIONS PERIOD SHOULD BE EQUITABLY TOLLED ....................................7

# **TABLE OF AUTHORITIES**

**CASES**

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946) ............................................................ 2

*Anglada v. Linens 'n Things, Inc.*, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. 2007) ....................... 6

*Anjum v. J.C. Penney Co.*, 2015 U.S. Dist. LEXIS 73820 (E.D.N.Y. 2015) ................................... 6

*Bhumithanarn v. 22 Noodle Mkt. Corp.*,
2015 U.S. Dist. LEXIS 90616, 2015 WL 4240985 (S.D.N.Y. 2015) ............................................. 6

*Chui v. Am. Yuexianggui of Li LLC*, 2020 U.S. Dist. LEXIS 117296 (E.D.N.Y. 2020) ................ 3

*Cohan v. Columbia Sussex Mgmt., LLC*, 2013 U.S. Dist. LEXIS 187539 (E.D.N.Y. 2013) ......... 6

*Colon v. Major Perry St. Corp.*, 2013 U.S. Dist. LEXIS 93021 (S.D.N.Y. 2013) .......................... 1

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ................................. 4

*Garcia v. Chipotle Mexican Grill, Inc.,* 2016 U.S. Dist. LEXIS 153531 (S.D.N.Y. 2016) ........... 5

*Garriga v. Blonder Builders Inc.*, 2018 U.S. Dist. LEXIS 171887 (E.D.N.Y. 2018) .................... 6

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ................................. 6

*Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*,
2012 U.S. Dist. LEXIS 76660 (S.D.N.Y. 2012) ............................................................................ 4

*Khamsiri v. George. & Frank's Japanese Noodle Rest. Inc.*,
2012 WL 1981507 (S.D.N.Y. 2012) .............................................................................................. 5

*Knox v. John Varvatos Enterprises Inc.*, 282 F. Supp. 3d 644 (S.D.N.Y. 2017) ............................ 3

*Mendoza v. Ashiya Sushi 5, Inc.*,
2013 U.S. Dist. LEXIS 132777, 2013 WL 5211839 (S.D.N.Y. 2013) .......................................... 7

*Mogollan v. La Abundancia Bakery & Rest. Inc.*,
2019 U.S. Dist. LEXIS 60052 (S.D.N.Y. 2019) ............................................................................ 6

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ........................................................................ 4

*Oakley v. Servisair, LLC*, 2017 U.S. Dist. LEXIS 109921 (E.D.N.Y. 2017) ................................. 7

*Pefanis v. Westway Diner, Inc.*, 2008 U.S. Dist. LEXIS 81082 (S.D.N.Y 2008) .......................... 5

*Rivera v. Ndola Pharm. Corp.*, 497 F. Supp. 2d 381 (E.D.N.Y. 2007) ........................................... 2

*Robinson v. Big City Yonkers, Inc.*, 2017 NY Slip Op 30177(U) (Nassau Sup. Ct. 2017)............. 6

*Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639 (S.D.N.Y. 2013) ................................ 4

*Salomon v. Adderley Indus.*, 847 F. Supp. 2d 561 (S.D.N.Y. 2012) ............................................... 6

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014).................................................. 6

*Shajan v. Barolo*, 2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. 2010)................................................. 1

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010) ............................................................ 6

*Walston v. Edward J. Young, Inc.*, 2016 U.S. Dist. LEXIS 22084 (E.D.N.Y. 2016) ...................... 6

*Yahraes v. Rest. Assocs. Events Corp.*,
2011 U.S. Dist. LEXIS 23115, 2011 WL 844963 (E.D.N.Y. 2011) ............................................. 7

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240 (S.D.N.Y. 2008) ........................................... 2

*Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74 (2nd Cir. 2011).............................. 7

**REGULATIONS**

29 C.F.R. § 785.48 ..................................................................................................................... 1, 2

I. **INTRODUCTION**

On August 1, 2022, Plaintiff Adam Sarr filed the instant motion ("The Motion") to conditionally certify this action as an FLSA Collective consisting "of all current and former non-exempt employees including, but not limited to direct support professionals, home attendants, home care agents among others, employed by Defendants within the last six (6) years ("Covered Employees"). ECF. Nos. 26-27. On August 29, 2022, Defendants Sinergia, Inc. and Donald Lash filed their Opposition to the instant motion ("Df. Mem."). ECF No. 31. Plaintiff here submits her Reply. As detailed below, the Opposition is frivolous because Defendants disregard both the facts submitted by Plaintiff and the law governing how those facts must be evaluated.

II. **ARGUMENT**

A. **Defendants Inappropriately Attempt to Adjudicate Factual Issues**

Defendants argue that Plaintiff's complaint, motion, and the corresponding declaration fail to state the validity of Plaintiff's FLSA claims. Defendants' Opposition analyzes each of Plaintiff's assertions on her declaration in support to the motion. However, the main issue in a Collective Motion is whether there is an indicia if other employees may be similarly situated. Fed. R. Civ. P. 23.

Defendants' assertions are utterly irrelevant at this stage of the litigation, however, as these raise factual issues that go to the underlying merits of the case, which may not be adjudicated on the instant motion. *See Shajan v. Barolo*, 2010 U.S. Dist. LEXIS 54581, at *3 (S.D.N.Y. June 2, 2010) ("Weighing of the merits is absolutely inappropriate."). Because courts are not to resolve factual disputes on a motion for conditional 216(b) certification, defendants "may not defeat a court's determination that Plaintiffs are similarly situated by submitting their own affidavits." *Colon v. Major Perry St. Corp.*, 2013 U.S. Dist. LEXIS 93021, at *14 (S.D.N.Y. July 2, 2013). Accordingly, Defendants argument should be disregarded.

1

Even if factual determinations were at play, Defendants would not fare well. Plaintiff resorts to her recollection of facts and her own experiences and observations while working for Defendants. Plaintiff alleges and explains her work conditions and how she knew and understood that she and other employees were subject to Defendants unlawful wage and hour policies. As answer to Plaintiff's statements, Defendants provide viewpoints instead of factual information that can rebut or confirm Plaintiff's accusations. As the employers, Defendants have access to their own records and could easily refute Plaintiff's allegations, if that was the case. However," [i]n the absence of documentation, <u>the employee may rely on [their] own recollection to meet [their] initial burden</u>, in which case the employer must proffer evidence sufficient to rebut that recollection." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 254-55 (S.D.N.Y. 2008) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)) (emphasis added). In other words, Defendants can rebut Plaintiff's say-so only with documentary evidence, not with their own say-so. *See also Rivera v. Ndola Pharm. Corp.*, 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007) ("When the employer's records are inaccurate or inadequate, the employee may meet this burden 'if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.' … Plaintiff may meet this burden <u>by relying solely on his or her recollection</u>.") (quoting *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946)) (emphasis added) .

B. **Plaintiff Adequately Alleges A Common Policy of FLSA Violations**

Defendants argue that Plaintiff cannot point to a common policy or plan that is applied uniformly to all non-exempt covered employees, given that "Plaintiff's declaration is devoid of information concerning other employees' employment conditions, including when they worked at Sinergia, their hourly wage rates, and their work hours" Df. Mem. I. pg. 8. Plaintiff, as an

2

employee, has no access to employees' records, which is logical. Thus, Plaintiff cannot detail every single non-exempt employee' worked time and compensation, task that Defendants could do on their opposition and failed, as Defendants are the only individuals that control those records. However, Defendants' violations are payroll violations and by necessity affected all employees paid from Defendants' centralized payroll department. In their motion, Defendants argue Plaintiff's declaration but do not argue that Plaintiff met the collective action requirements.

Plaintiff does not dispute that the conditions of other non-exempt employees may be different in some aspects. However, "[t]he key question for the similarly situated inquiry is not whether plaintiff's job duties are identical to other potential opt-in plaintiffs, but rather, whether the proposed plaintiffs are similarly situated ... with respect to their allegations that the law has been violated." *Chui v. Am. Yuexianggui of Li LLC*, 2020 U.S. Dist. LEXIS 117296, at *12 (E.D.N.Y. July 2, 2020) (citing *Knox v. John Varvatos Enterprises Inc.*, 282 F. Supp. 3d 644, 656 (S.D.N.Y. 2017)).

Defendants suggest that Plaintiff failed to state about other employees' total time-shaved hours and their weekly compensation, And for that, should not be part of the collective certification. Nevertheless, Defendants do not argue that other employees are subject to different payroll and timekeeping systems. They do not say that other workers were, unlike Plaintiff, compensated for all their hours worked, including overtime premiums. Nor do Defendants argue that Plaintiff compensation was anomalous because other employees had different schedules and different compensation policies. Further, Defendants do not claim that their failure to compensate employees for travel between worksites represented isolated incidents that other employees did not suffer.

"Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007). For this reason, the Second Circuit specifically cautioned that the standard for the first step of certification "should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist," *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

Defendants may argue that these practices admit of an innocent explanation, but the Court must rule "not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated'… with respect to their allegations." *Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 644–645 (S.D.N.Y. 2013). Defendants will have the option of moving to decertify the FLSA Collective after discovery, should the discovery contravene what the presently available evidence suggests. For the time being, however, Plaintiff has set forth "sufficient indicia of the possibility of a common policy or plan," and that is all he is required to do. *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, 2012 U.S. Dist. LEXIS 76660, at *3 (S.D.N.Y. June 1, 2012) (emphasis added).

### C. Plaintiff's Affidavit Is More Than Adequate

Plaintiff submitted a declaration in support to the Motion ECF No. 29. In her declaration, Plaintiff has listed the name of ten co-workers who can speak to Defendants' time-shaving violations and unpaid travel compensation. Moreover, courts in this Circuit regularly rely on hearsay in evaluating 216(b) motions,

Plaintiff Sarr describes specific conversations with other employees and offers concrete illustrations of how Defendants' time-shaving policies were effectuated. Despite that Defendants

4

argue that Plaintiff's declaration is insuficient to demostrate FLSA violations, Plaintiff's declaration is sufficient to certify this as a class case. *See Garcia v. Chipotle Mexican Grill, Inc.,* 2016 U.S. Dist. LEXIS 153531, at *21-22 (S.D.N.Y. Nov. 3, 2016) ("Defendant overstates the degree to which Plaintiff's declaration lacks specificity. … the court denied the plaintiff's motion for conditional certification, because—unlike here—the plaintiff did not "provide *any* detail as to a *single* such observation or conversation.").

Plaintiff Sarr 's Declaration satisfies the minimum requirements. *See Pefanis v. Westway Diner, Inc.*, No. 08 Civ. 0002, 2008 U.S. Dist. LEXIS 81082, at *3-4 (S.D.N.Y Oct. 8, 2008) (granting conditional collective certification in a case with single plaintiff and no opt-ins). *See also*, *Khamsiri v. George. & Frank's Japanese Noodle Rest. Inc*., No. 12 Civ. 265, 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (granting conditional collective certification based on a single affidavit). In *Khamsiri,* Plaintiff's declaration fails to identify *any* other employees. In *Pefanis,* Plaintiff's declaration identifes a few but states nothing about their conversations with the plaintiff. Also unlike Plaintiff Sarr 's Declaration, these declarations do not describe any specific instances where the defendant violated the FLSA—and yet they sufficed to warrant conditional certification.

Given all these precedents, Plaintiff Sarr 's Declaration standing alone would suffice to justify an FLSA Collective Action.

###    D.    Plaintiff's Proposed Notice and Notice Procedures Are Proper

Defendants claim that Plaintiff's proposed time period for his proposed 216(b) notices and those notices' references to the NYLL are improper. Def. Mem. at 11. However, a number of District Courts in this Circuit "have held that where a case involves both NYLL and FLSA claims, it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims." *Anjum v. J.C. Penney*

*Co.*, 2015 U.S. Dist. LEXIS 73820, at *32 (E.D.N.Y. June 5, 2015); *see, e.g., Garriga v. Blonder Builders Inc.*, 2018 U.S. Dist. LEXIS 171887, at *20 (E.D.N.Y. Sep. 28, 2018); *Mogollan v. La Abundancia Bakery & Rest. Inc.*, 2019 U.S. Dist. LEXIS 60052, at *14 (S.D.N.Y. Apr. 8, 2019); *Cohan v. Columbia Sussex Mgmt., LLC*, 2013 U.S. Dist. LEXIS 187539, at *27 (E.D.N.Y. Sep. 19, 2013); *Salomon v. Adderley Indus.*, 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012); *Walston v. Edward J. Young, Inc.*, 2016 U.S. Dist. LEXIS 22084, at *21 (E.D.N.Y. Feb. 22, 2016). Therefore, to promote judicial efficiency and the remedial aims of both the FLSA and NYLL, the Court should follow the well-reasoned decisions cited herein.

Defendants also argue that, should the instant motion be granted, they should not be required to produce covered employees' "social security numbers and rates compensation." *See* Def. Mem. at 12. Commonly Courts deny the production of such information when this is related to discovery and not to notifying covered employees about the lawsuit. However, Courts have routinely compelled defendants to produce such information to distribute opt-in notices, finding that social security numbers allow plaintiff's counsels to research covered employees' current addresses when the notice returns as undeliverable. *See*, *Robinson v. Big City Yonkers, Inc.*, 2017 NY Slip Op 30177(U), ¶ 12 (Sup. Ct.). *Bhumithanarn v. 22 Noodle Mkt. Corp.*, 14 Civ. 2625, 2015 U.S. Dist. LEXIS 90616, 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015); *see also Anglada v. Linens 'n Things, Inc.*, 2007 U.S. Dist. LEXIS 39105, at *22 (S.D.N.Y. Apr. 26, 2007); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, at 369-70 (S.D.N.Y. 2007); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 339 (S.D.N.Y. 2010); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 130 (S.D.N.Y. 2014). Therefore, the Court should require that Defendants produce class members' social security numbers, and all those elements requested on Plaintiff's motion to guarantee covered employees' rights to receive an opt-in notice.

6

Defendants object to the posting of notices at their worksites adducing that Plaintiff and covered employees worked at different locations, including third-parties private property. However, courts have found that "given the potential complications that arise with direct notification, posting helps ensure that all potential class members are informed about the litigation." *Oakley v. Servisair, LLC*, No. 13-cv-4191 (ENV) (PK), 2017 U.S. Dist. LEXIS 109921, at *41-42 (E.D.N.Y. July 11, 2017); *Mendoza v. Ashiya Sushi 5, Inc.*, 12-CV-8629, 2013 U.S. Dist. LEXIS 132777, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013). Therefore, Defendants should be required to post notices in their place of business.

III.   **LIMITATIONS PERIOD SHOULD BE EQUITABLY TOLLED**

Defendants object to Plaintiff's request for the equitable tolling of the FLSA limitations period. But such is warranted when the party requesting it "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Yahraes v. Rest. Assocs. Events Corp.*, 2011 U.S. Dist. LEXIS 23115, *4, 2011 WL 844963 (E.D.N.Y. March 8, 2011) (quoting *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2nd Cir. 2011). Those conditions obtain here. The parties spent a great deal of time attempting to mediate and settle this case, to later postpone the mediation to a non-precise date. *See* ECF No. 17 Later, Plaintiff required discovery production, which did not develop. Only when it became clear that these discussions would not succeed did it make sense for Plaintiff to move for conditional certification of an FLSA. Plaintiff's filing the instant motion was far from gratuitous, it being the result of (1) Plaintiff's willingness to engage good-faith settlement negotiations with Defendants, which failed, and (2) Defendants' frivolous delays in producing discovery.

On July 26, Plaintiff's counsel requested Defendants to produce discovery. Defendants answered that they would produce discovery, especially documents, by August 25, 2022. After

7

Defendants failure to produce discovery on the agreed date, Plaintiff emailed and called Defendants' counsel inquiring about the document production. On September 7, 2022, Defendants informed Plaintiff that due to their internal human resource issues, Defendants' Counsel have to delay the production of discovery until September 15, 2022.

Similarly, Plaintiff discussed with Defendants the option to mediate this case. On June 27, 2022, this Court referred this case to mediation. On July 12, 2022, Plaintiff requested Defendants to conduct a class mediation. After continuous discussion between the parties, Defendants informed that they would accept a class mediation only if Plaintiff filed a collective motion and it was granted by the Court. Consequently, the parties adjourned the mediation (Dk 17) and filed the required collective motion. Defendants are delaying the regular advancement of this case. Accordingly, as there is a tendency from Defendants to postpone and delay this case development, affecting the interests of Plaintiff and covered employees, the FLSA limitations period should be equitably tolled to the filing of the Complaint. If conditional certification is granted, Plaintiff agrees to a sixty (60) day opt-in period.

Date: September 9, 2022  
      New York, New York

Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

By:  /s/ *CK Lee*  
C.K. Lee, Esq. (CL 4086)  
Anne Seelig, Esq. (AS 3976)  
148 West 24th Street, 8th Floor  
New York, NY 10011  
Tel.: (212)465-1180  
Fax: (212)465-1181  

*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*