USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/04/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                         :

ADAM SARR, on behalf of himself, FLSA Collective  :
Plaintiffs, and the Class,                              :

                                 Plaintiff,   :       22-CV-3610 (VEC)

                                          :      OPINION & ORDER

              -against-               :

                                          :

SINERGIA, INC., and DONALD LASH,         :

                                          :

                             Defendants.   :

-------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      This is an action brought by Plaintiff Adam Sarr against Defendants Sinergia, Inc.

("Sinergia") and Donald Lash[1] for alleged violations of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 *et seq*., and New York Labor Law ("NYLL").  Plaintiff moves for conditional

collective certification pursuant to 29 U.S.C. § 216(b), *see* Mot., Dkt. 26, which Defendant

opposes, *see* Def. Opp., Dkt. 31.  For the reasons stated below, Plaintiff's motion for collective

certification is GRANTED in part.

## BACKGROUND

      Plaintiff Adam Sarr was employed as a direct support professional by Sinergia, a

nonprofit organization dedicated to helping "people with disabilities[] and underserved people

with various limitations" in New York City, from September 2020 to November 2021.  Compl.,

Dkt. 1 ¶ 6; *see also id.* ¶ 23.  As is relevant to the current motion, Plaintiff alleges that

Defendants unlawfully failed to compensate Plaintiff for all hours worked.  She specifically

---

[1]      Mr. Lash is the Executive Director of Sinergia, Inc.  Compl., Dkt. 1 ¶ 8.

complains that she was not compensated for travel time between assignments and for meal breaks even though, at times, she was required to work during the meal break.[2]  *Id.* ¶¶ 27, 28. Plaintiff now seeks to certify a collective "comprised of all non-exempt workers employed by Sinergia during the past six years.[3]  Pl. Mem., Dkt. 27 at 3.

## I.    Plaintiff Has Established that Certain Members of the Proposed Collective Are Similarly Situated to Her

### A.    Legal Standard

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,[4] permits employees to maintain an action for and on "behalf of . . . themselves and other employees similarly situated," 29 U.S.C. § 216(b).  In determining whether to certify a collective action, courts in the Second Circuit use a two-step process.  *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).

At the notice stage, a plaintiff must establish that other employees "may be 'similarly situated'" to her.  *Id.* at 555 (citation omitted).  To meet this burden, the plaintiff need only "make a 'modest factual showing' that [she] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  *Id.* (citation omitted).  "[I]f named parties and party plaintiffs share legal or factual similarities material to the disposition of their claims, dissimilarities in other respects should not defeat collective treatment."  *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 516 (2d Cir. 2020) (internal quotation omitted).

---

[2]    Defendants spill much ink arguing that Plaintiff never or rarely worked more than forty hours in a week and, therefore, has no claim for unpaid overtime compensation.  *See, e.g.*, Def. Opp. Dkt. 31 at 4–7.  That could be factually correct, but she has still alleged that she was not paid for all hours worked, which is a FLSA violation.

[3]    Included within the proposed collective are direct support professionals, home attendants, and home care agents.  Pl. Mem., Dkt. 27 at 1.

[4]    Defendant Sinergia, Inc., appears to be based wholly in New York state.  *See* Compl. ¶¶ 6–7; *About*, Sinergia, sinergiany.org/about/about (last visited Sept. 28, 2022).  Defendant Sinergia, Inc. asserts that it is not engaged in interstate commerce, a prerequisite for application of the FLSA to a business.  *See* 29 U.S.C. §§ 203(b), 207(a)(1); Joint Letter, Dkt. 21 at 2.  For the purposes of this motion, however, the Court assumes that the FLSA applies to Defendant Sinergia, Inc.

Although that burden is modest, "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (internal quotation marks and citation omitted), and it generally cannot be satisfied by "unsupported assertions," *Myers*, 624 F.3d at 555 (internal quotation marks and citation omitted).  Nonetheless, courts employ a "low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citation omitted) .  Courts do not examine at this point "whether there has been an actual violation of law." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, No. 93-CV-178, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)).

At the second stage, when the court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated'" to the named plaintiffs and that they were all subject to a common illegal wage practice.  *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3964, 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555).  The action may be "'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555 (citation omitted).

**B.      Plaintiff Has Met the Notice-Stage Burden as to Direct Support Professionals**

Plaintiff seeks to certify a collective of "all non-exempt" employees who were employed by Sinergia.  Pl. Mem. at 3.  Because courts do not examine "whether there has been an actual violation of law" at the notice stage, *Young*, 229 F.R.D. at 54 (citation omitted), the Court need not delve into whether Plaintiff has stated a claim under federal law.  Instead, the proper inquiry is whether Plaintiff has demonstrated that she is similarly situated vis-à-vis her FLSA claim to

the putative collective members.  The Court finds that she has carried this burden with respect to other direct support professionals only.

Plaintiff's motion for collective certification states that the members of the proposed collective are similarly situated to Plaintiff but does nothing to support that assertion as to individuals in job categories other than her own.  Plaintiff includes no information about the duties, hours worked, or names of persons who worked in other jobs categories.  Nevertheless, based entirely on Plaintiff's experience as a direct support professional, she asserts that "all non-exempt workers" should be included in the proposed collective.  Pl. Mem. at 3.  While the burden of proof at the notice stage is low, it is not this low.  Plaintiff is not required to provide details about "every single non-exempt employee," Pl. Reply, Dkt. 32 at 3, but Plaintiff is expected to provide "a modest factual showing" in support of her assertion that members of the proposed collective suffered FLSA violations similar to the ones Plaintiff alleges to have experienced, *Myers*, 624 F.3d at 555 (cleaned up).  Because Plaintiff entirely failed to do so as to job categories other than her own, Plaintiff's motion to include job categories other than direct support professionals is denied. [5]

Plaintiff's declaration is (barely) adequate to show that all direct support professionals were "victims of a common policy or plan that violated the law."  *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal quotation omitted).  While Plaintiff has submitted only her own declaration in support of her motion*, see* Sarr Decl., Dkt. 29; Pl. Mem. at 4–5, that is not fatal.  A plaintiff seeking conditional certification is not "required to buttress his motion

---

[5]     Plaintiff's counsel, who is an experienced FLSA litigator, submitted an overly-broad motion for collective certification that sought to certify classes of employees regarding which *no* facts were provided to support Plaintiff's assertion that they were similarly situated to her.  In this instance, the Court will narrow the proposed collective to one that is supported by the facts presented and conditionally certify it.  If Plaintiff's counsel repeats this tactic of proposing overly broad, unsupported motions to certify a collective in future cases, the Court will deny the motions in their entirety; the Court will not continue to do counsel's job of defining a collective that is factually supported by the evidence presented by the plaintiff.

with affidavits besides his own or with other documentary evidence." *Mata v. Foodbridge LLC*, No. 14-CV-8754, 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015).  Courts in this Circuit routinely grant conditional collective certification based only on representations contained within the plaintiff's affidavit. *Id.* (citing *Hernandez v. Bare Burger Dio, Inc.*, No. 12-CV-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases)).

Plaintiff states that she knows that members of the proposed collective suffered violations under a similar wage policy based on her conversations with coworkers, including ten direct support professionals with whom she discussed Defendants' employment practices.[6]  Sarr Decl. ¶ 2; *see also id.* ¶ 3.  Plaintiff and three other direct support professionals — Ravan (last name unspecified), Tanisha De Jesus, and Tiffany Thomas — discussed Defendants' practice of automatically deducting meal breaks "every day while working on the job site, in the office during training, and also while we were relieving each other of our shifts." *Id.* ¶¶ 6, 10.  Plaintiff also "frequently discussed Defendants' illegal practice of not paying for travel time" with Ravan and Tanisha De Jesus "every day while working on the job site, in the office during training, and also while we were relieving each other of our shifts." *Id.* ¶ 8.

Together, these statements are barely enough for Plaintiff to carry her low burden of demonstrating that she and other direct support professionals were victims of the same unlawful wage policy. *See Cheng Chung Liang v. J.C. Broadway Rest., Inc.*, No. 12-CV-1054, 2013 WL 2284882, at *1 (S.D.N.Y. May 23, 2013) (conditionally certifying a collective based on plaintiff's observations that members of the proposed collective were not properly paid).  While Defendants protest that Plaintiff has failed to describe what other direct support professionals "told Plaintiff about their schedules or compensation," Def. Opp. at 8, this level of detail is not

---

[6]     Seven of these individuals are only identified by their first name.  Sarr Decl., Dkt. 29 ¶ 2.

required at the notice stage. *See Hernandez v. Bare Burger Dio Inc.*, No. 12-CV-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases granting conditional collective certification based upon plaintiffs' statements that they observed or spoke with other employees who experienced similar overtime violations).

"Courts have routinely certified conditional collective actions based on the plaintiff's affidavit declaring that they have personal knowledge that other coworkers were subjected to similar employer practices." *Qing Wang v. H.B. Rest. Grp., Inc.*, No. 14-CV-813, 2014 WL 5055813, at *4 (S.D.N.Y. Oct. 7, 2014); *see also Hernandez v. Bare Burger Dio Inc.*, No. 12-CV-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases). Plaintiff's affidavit contains "a minimum level of detail" regarding her conversations, *Reyes v. Nidaja, LLC*, No. 14-CV-9812, 2015 WL 4622587, at *3 (S.D.N.Y. Aug. 3, 2015); she names three other direct support professionals, two of whom are also identified by their last name, with whom she conversed daily at three different locations, *see* Sarr Decl. ¶¶ 6, 8. Although her allegations are cursory, personal observations and conversations are sufficient to satisfy the modest requirement of proof required at the notice stage. *See Chang Yan Chen v. Lilis 200 W. 57th Corp.*, No. 19-CV-7654, 2021 WL 135248, at *4 (S.D.N.Y. Jan. 14, 2021).

### C. The Proposed Notice Must Be Modified

"The form of notice and its details are left to the broad discretion of this Court." *Ramos v. Platt*, No. 13-CV-8957, 2014 WL 3639194, at *5 (S.D.N.Y. July 23, 2014) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). The Court finds that several revisions must be made to Plaintiff's proposed notice.

Plaintiff seeks to send notice to former employees who worked at Sinergia at any point over the past six years. Pl. Mem. at 13. FLSA claims have a statute of limitations period of two

years, which is extended to three years in the case of a willful violation.  *See* 29 U.S.C. § 255(a).

Accordingly, because the FLSA provides the basis for the collective certification, the Proposed

Notice may only reach back to employees who worked as direct support professionals for

Sinergia at any time during the three years prior to the commencement of this action.  While

some courts in this Circuit have permitted FLSA notices to reach back six years, which is the

statute of limitations period for NYLL claims, not all courts have done so.  *Compare Winfield v.*

*Citibank, N.A.*, 843 F. Supp. 2d 397, 410–11 (S.D.N.Y. 2012) *with Iriarte v. Cafe 71, Inc.*, No.

15-CV-3217, 2015 WL 8900875, at *5 (S.D.N.Y. Dec. 11, 2015) ("Some courts in this Circuit

have apparently also granted six-year notice periods . . . . However, many other courts only

permit the sending of § 216(b) notice to employees who fall in the three-year window, citing, (1)

the confusion caused by notifying plaintiffs who potentially have two disparate claims with

different statutes of limitations and (2) the inefficiency of providing notice to plaintiffs whose

claims may well be time-barred." (citations omitted)).  This Court finds that the Proposed Notice

should utilize the three-year period and be provided only to employees who worked for Sinergia

at any point on or after May 4, 2019 (three years prior to the filing of the Complaint, *see* Compl.,

Dkt. 1).

        "To determine whether to apply the principle of equitable tolling, the district court must

consider whether the plaintiff (1) 'has proved that the circumstances are so extraordinary that the

doctrine should apply' and (2) has acted with reasonable diligence during the time period she

seeks to have tolled."  *Kassman v. KPMG LLP*, No. 11-CV-3743, 2015 WL 5178400, at *4

(S.D.N.Y. Sept. 4, 2015) (quoting *Zerilli–Edelglasss v. N.Y. City Transit Auth.,* 333 F.3d 74, 80–

81 (2d Cir. 2003)).  Plaintiffs have not demonstrated that exceptional circumstances have

delayed the commencement of this action beyond those typical "in the ordinary course of

litigation." *Id.* Indeed, this action was commenced approximately six months after the termination of Plaintiff's employment. *See* Compl. Dkt. 1; *id.* ¶ 23. The Court decided the motion for collective certification less than one month after it was fully briefed. *See* Reply, Dkt. 32. Accordingly, the Court finds that equitable tolling is inappropriate in this case.

The Court agrees with Defendant that the opt-in period should be sixty days. "While some courts have granted up to 90-day opt-in periods, they generally do so where the period is agreed upon between the parties or special circumstances require an extended opt-in period." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 452 (S.D.N.Y. 2011). Plaintiff has not demonstrated the existence of any special circumstances requiring an extension of the opt-in period.

Defendants are not required to produce the social security numbers of potential collective members. *See King v. Fedcap Rehab. Servs.*, No. 20-CV-1784, 2022 WL 292914, at *12 (S.D.N.Y. Feb. 1, 2022) (denying plaintiff's request for production of social security numbers); *Tueros v. Urb. Health Plan, Inc.*, No. 21-CV-4525, 2022 WL 2752070, at *16 (S.D.N.Y. July 14, 2022) (same). Defendants are not also required to post the notices. The Court finds that the other proposed methods of dissemination are more than adequate, and Defendants cannot be required to post notices in its clients' private residences. *See* Def. Opp. at 14.

The parties must try to resolve the remaining disputes regarding the form and content of the proposed notice on their own. No later than **October 21, 2022**, the parties must meet and confer and jointly submit a revised proposed notice and consent form. As to any issue on which they cannot reach agreement, not later than **October 21, 2022**, the parties must submit a joint letter setting forth each party's position on any remaining points of disagreement.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for collective certification is GRANTED in part.  The Court conditionally certifies a collective of direct support professionals who worked at Sinergia at any time on or after May 4, 2019.  The Clerk of Court is respectfully directed to terminate the open motion at docket entry 26.


**SO ORDERED.**


**Date:   October 4, 2022**
**        New York, NY**

                                        **VALERIE CAPRONI**
                                        **United States District Judge**