USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/20/2022

# PECHMAN LAW GROUP PLLC
### A T T O R N E Y S  A T  L A W

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
WWW.PECHMANLAW.COM

**MEMO ENDORSED**

October 20, 2022

**VIA ECF**

Honorable Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

> Re: *Sarr v. Sinergia, Inc. et al.*, No. 22 Civ. 3610 (VEC)(RWL)
> Request to Postpone FLSA Collective Action Pending Motion

Dear Judge Caproni:

On behalf of the Defendants in the above-referenced action, we respectfully request that the deadlines set forth in the Court's Order of October 4, 2022 (ECF No. 33 at 8), and dissemination of FLSA collective action notices be stayed pending a decision on Defendants' anticipated motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

As the Court noted in its Order, Defendant Sinergia, Inc. "appears to be based wholly in New York" State and may not be subject to the FLSA because it "asserts that it is not engaged in interstate commerce." ECF No. 33 at n. 4. In this regard, as Plaintiff admits in her Complaint, Sinergia, Inc. is a "domestic not-for-profit company." ECF No. 1 ¶ 7. As will be explained in further detail in Defendants' motion, not-for-profit entities must be in "business" to fall within the scope of the FLSA. Plaintiff does not allege what "business" Sinergia, Inc. engages in that renders it an "enterprise engaged in commerce" within the meaning of the FLSA, a prerequisite for application of the statute.

If the Court grants the motion, there will be no reason for the Court to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. If the Court does not grant the motion, in the alternative, Defendants will request that discovery be bifurcated and expedited to address the jurisdictional issue first. Defendants would make a motion for summary judgment following limited discovery.

Defendants plan to file their motion by Thursday, October 27, 2022. Because the motion could be dispositive, or at least alter the steps to come in this case, Defendants respectfully request that all deadlines set forth in the Order of October 4, 2022, and dissemination of FLSA collective action notices be postponed until after the Court issues its decision.

Hon. Valerie Caproni
October 20, 2022
Page 2 of 2

    We thank the Court for its time and attention to this matter and are available to discuss in further detail with the Court if necessary.

Respectfully submitted,

*Gianfranco J. Cuadra*

cc: Plaintiff's attorneys (via ECF)

---

Defendant is warned that this request, made on the eve of the due date for the revised proposed notice and consent form, reeks of gamesmanship. If Defendant really believes that it is not subject to the FLSA, it could have made a motion for judgment on the pleadings well before now. Nevertheless, the Court will consider Defendant's request. Plaintiff must respond to Defendant's request to stay the deadline for the parties to submit a revised proposed notice and consent form pending resolution of the anticipated motion for judgment on the pleadings by no later than **October 26, 2022**. The deadline to submit a revised proposed notice and consent form is stayed pending resolution of Defendant's request.

SO ORDERED.

*Valerie Caproni*   10/20/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE