### Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   212-465-1188
　　　　　　　　　cklee@leelitigation.com

October 26, 2022

**Via ECF**
The Honorable Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

　　　　Re:　*Sarr v. Sinergia, Inc. et al.*
　　　　　　　Case No. 1:22-cv-03610 (VEC) (RWL)

Dear Judge Caproni:

　　　　We are counsel to Plaintiff in the above-captioned action and write in response to Defendants' announcement, filed on October 20, 2022 (Dkt. No. 4), that they intend to file a motion for judgment on the pleadings, where they will argue that Plaintiff's claims are not covered by the Fair Labor Standards Act ("FLSA") because Corporate Defendant Sinergia, Inc., as a nonprofit entity, is not an "enterprise engaged in commerce."

　　　　Plaintiff agrees with the Court that Defendants' pre-motion letter "reeks of gamesmanship," in light of its filing "on the eve of the due date for the revised proposed notice and consent form [for an FLSA Collective]." Dkt. No. 33 at 2. Defendants included a section titled "Plaintiff Has Failed To Set Forth An FLSA Claim" in their opposition to Plaintiff's collective action motion (Dkt. No. 31), and that was the place to make any arguments about FLSA coverage. Having failed to address the matter at the appropriate time, Defendants now seek to delay the distribution of FLSA notices notwithstanding the Court's finding that Plaintiff carried her "burden of demonstrating that she and other direct support professionals were victims of the same unlawful wage policy." Dkt. No. 33 at 5. Defendants have not offered any excuse, reasonable or otherwise, for waiting this long before raising the issue of FLSA coverage, suggesting that they and their counsel seek to "multipl[y] the proceedings in [this] case unreasonably and vexatiously." 28 U.S.C. § 1927.

　　　　The vexatiousness of Defendants' anticipated motion is only aggravated by the fact that their arguments would be meritless. An employer is subject to the FLSA's provisions "if either of two conditions exist: (1) if the employee individually was 'engaged in commerce or in the production of goods for commerce,' or (2) the employer was an 'enterprise' 'engaged in commerce or in the production of goods for commerce,' regardless of whether the individual employee was so engaged." *Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 457 (S.D.N.Y. 2006) (quoting 29 USCS § 207(a)(1) & (2)). Thus, Plaintiff can bring FLSA claims even if she personally was never "engaged in commerce," so long as Defendant Sinergia, Inc. itself "engaged in commerce." *See also Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8

(1985) ("Prior to the introduction of enterprise coverage in 1961, the only individuals covered under the Act were those engaged directly in interstate commerce . . . Enterprise coverage substantially broadened the scope of the Act to include any employee of an enterprise engaged in interstate commerce, as defined by the Act.").

"Generally, non-profit organizations that do not engage in ordinary commercial activities or serve the general public in competition with ordinary commercial enterprises, operate without a business purpose and therefore are not enterprises [under the FLSA]." *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 97 (2nd Cir. 2009). "The FLSA, however, ensures that certain types of entities that might otherwise be held to operate with[out] [sic] a business purpose under the Act are nevertheless brought within its ambit." *Id.* An enterprise under the FLSA includes "the activities performed by any person or persons … in connection with the operation of …an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution." 29 USCS § 203(r)(2)(A). "Congress deemed [such] entities operated 'for a business purpose' whether they were public or private, or operated for profit or not for profit." *Jacobs*, 577 F.3d at 97 (2nd Cir. 2009). An institution is "primarily engaged" in the care of the relevant individuals when "more than 50% of the income is attributable to … providing domiciliary care to individuals who reside on the premises and who, if suffering from physical or mental infirmity or sickness of any kind, will require only general treatment or observation of a less critical nature than that provided by a hospital." *Bowrin*, 417 F. Supp. 2d at 457 (quoting the Department of Labor Wage and Hour Divisions *Field Operations Handbook* § 12).

The foregoing perfectly describes Corporate Defendant Sinergia, Inc. Attached hereto as **Exhibit A** is a screenshot from Sinergia's website detailing its extensive "Residential Services," which include "multiple sites in Manhattan, Brooklyn, the Bronx, and Queens" providing either 24/7 supervision or various other services on an as-needed basis. These services provide a substantial basis for concluding that Sinergia is an enterprise engaged in commerce under 29 USCS § 203(r)(2)(A). To be sure, Sinergia also offers several non-residential services, including various on-site and off-site assistance programs, trainings, and advocacy workshops. But given the massive expense of managing therapeutic residential programs as compared with other programs, it is more than "plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Sinergia derives "more than 50% of [its] income" from "providing domiciliary care to individuals who reside on the premises." *Bowrin*, 417 F. Supp. 2d at 457. As explained above, whether Plaintiff personally worked in Defendants' residential programs is immaterial so long as Sinergia as a whole is an enterprise engaged in commerce under the FLSA

The ultimate determination of FLSA coverage will, of course, have to await discovery, but the material in **Exhibit A** provides the "further factual enhancement," *Twombly*, 550 U.S. at 570, needed to "nudge" her allegations "across the line from conceivable to plausible." *Id.* at 548. Because "[t]he test for evaluating a [motion for judgment on the pleadings] is the same as that applicable to a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6)," Defendants' anticipated motion would be frivolous even if it were not untimely, given the evidence on their own website, which is another reason for the Court to deny Defendants' request to proceed with that motion. *Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 113 (2nd Cir. 2005) (quoting *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998).

      Plaintiff recognizes that **Exhibit A** and other potentially relevant materials have not been incorporated into the operative complaint. But that, of course, is because Defendants have only now alerted her that FLSA coverage is in dispute. Accordingly, Plaintiff respectfully requests that she be permitted to first amend her complaint should the Court permit Defendants to move forward with their anticipated motion. Should the Court either not permit this or permit it and then deny Defendants' motion, Plaintiff rejects Defendants' suggestion that discovery be bifurcated so as to address jurisdictional issues first. Defendants have already created enough needless delay and should not be allowed to create more of it.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF