# PECHMAN LAW GROUP PLLC
### A T T O R N E Y S  A T  L A W

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/2022

MEMO ENDORSED

November 14, 2022

**VIA ECF**

Honorable Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

      Re: *Sarr v. Sinergia, Inc. et al.*, No. 22 Civ. 3610 (VEC)(RWL)
          <u>Request to Amend or Stay Conditional Certification Order</u>

Dear Judge Caproni:

      On behalf of Defendants in the above-referenced action, we respectfully request that the Court amend its Order of October 4, 2022 (ECF No. 33) (the "Order"), granting conditional certification of an FLSA collective in light of Plaintiff's new allegations in her First Amended Class and Collective Action Complaint (ECF No. 38) (the "Complaint"). Based on the allegations in the Complaint, only part of Sinergia is arguably subject to the FLSA, requiring the conditionally certified FLSA collective to be limited. In the alternative, Defendants request that the Order continue to be stayed pending discovery.

      The Complaint now alleges that Sinergia's residential services program would be subject to the FLSA. Plaintiff attaches to her Complaint a portion of Sinergia's website describing the company's residential services program and concludes that "the residences operated by Defendants are covered under 29 USCS § 203(r)(2)(A)." ECF No. 38 ¶ 11. However, ignoring this distinction between Sinergia's residential services program and its other programs for purposes of FLSA coverage, Plaintiff's Complaint claims in conclusory fashion that Sinergia *as a whole* is subject to the FLSA because it provides "services and resources for people with disabilities, and underserved people with various limitations, *both at Defendants' residential facilities and through other programs*." ECF No. 38 ¶ 6 (emphasis added). In support of her position, Plaintiff refers to Sinergia's Form 990 for the period of July 2019 through June 2020. *See* ECF No. 38–2.[1] According to Plaintiff, all of Sinergia would be subject to the FLSA under 29 U.S.C. § 203(r)(2)(A) because approximately 50.56% of its gross revenues are derived from the company's "community residential services" program. *See id.* at 1–2 (reflecting community residential services program accounts for $6,086,964 of total gross revenues of $12,037,782); ECF No. 38 ¶¶ 9, 10, 44 (alleging "Sinergia" or the "Corporate Defendant"

---

[1] Plaintiff did not work at Sinergia during this period. *See* ECF No. 38 ¶ 27 ("In early July 2020, Plaintiff was hired by Defendants to work as a direct support professional."). Regardless, the issues explained in this letter still apply to her employment period.

is an "enterprise engaged in commerce" subject to the FLSA and that "Defendants" are employers within the meaning of the FLSA).

Plaintiff's conclusion is incorrect even accepting *arguendo* the truth of the facts alleged in the Complaint. In her letter-motion (ECF No. 36), Plaintiff more clearly states that it is irrelevant whether she herself worked on Sinergia's residential programs "so long as Sinergia *as a whole* is an enterprise engaged in commerce under the FLSA." ECF No. 36 at 2 (emphasis added). This ignores the facts and primary holding in *Bowrin v. Catholic Guargian Society*, 417 F. Supp. 2d 449 (S.D.N.Y. 2006), which Plaintiff herself cites in her letter-motion. *See* ECF No. 36 at 2. In *Bowrin*, this Court made clear that the FLSA differentiates between an "enterprise," an "establishment," and an "employer," and that these distinctions determine whether an employer as a whole can be subject to the FLSA. 417 F. Supp. 2d at 457. An "enterprise" under the FLSA "is roughly descriptive of a business *rather than an establishment or an employer* although on occasion the three may coincide." *Id.* (emphasis added). An enterprise can be part of an employer's activities. *See id.* ("The enterprise is not necessarily coextensive with the entire business activities of an employer, as a single employer may operate more than one enterprise." (quoting 29 C.F.R. § 779.204(b)). For the employer as a whole to be subject to the FLSA, "1) the entity or entities must engage in 'related activities,' 2) performed through 'unified operation' or 'common control,' [and] 3) for a common business purpose." *Id.* at 459 (quoting *Dole v. Odd Fellows Home Endowment Bd.*, 912 F.2d 689, 692 (4th Cir. 1990)).

In *Bowrin*, this Court found that a charity that cared for mentally ill persons who resided on its premises was not as a whole subject to the FLSA under Section 203(r)(2)(A) even though more than half of its gross revenues were derived from this covered activity. *Id.* at 452, 454, 464–65 (declining to find entire charity subject to the FLSA where not all of its activities were the care of mentally ill persons residing on its premises even though this activity accounted for over 50% of charity's gross revenues). The *Bowrin* Court determined that there must be a common "*business*" purpose for the charity as a whole to be subject to the FLSA. *Id.* at 464–65 (emphasis added). It is not enough for the charity to have unified operations or control over programs with similar goals, such as generally aiding people with disabilities, because only the care of individuals with mental illnesses who reside on the charity's premises is a "business" activity within the scope of Section 203(r)(2)(A). *Id.* This means that only the specific program or programs (*i.e.*, the "enterprises") that primarily provide care to mentally ill persons residing on the charity's premises can engage in a "common *business* purpose" under the FLSA. *Id.* The rest of the charity's activities in *Bowrin* did not do this and so were not in "business" under the FLSA. *See id.*

The reasoning and result of *Bowrin* apply here, and Plaintiff does not and cannot plead otherwise. Indeed, she admits yet attempts to ignore that only the residences that Sinergia operates to care for mentally ill residents may be subject to the FLSA. *See* ECF No. 38 ¶ 11 ("[T]he *residences operated by Defendants* are covered under 29 USCS ¶ 203(r)(2)(A)." (emphasis added)). Sinergia's website, which Plaintiff incorporates into the Complaint by reference (ECF No. 38–1), makes clear that only a portion of its activities could potentially be subject to the FLSA. *See* https://www.sinergiany.org/services (last visited November 14, 2022; *see also* ECF No. 38–2 (reflecting that almost half of Sinergia's

Hon. Valerie Caproni
November 14, 2022
Page 3 of 3

revenues are unrelated to the care of mentally ill individuals who reside on Sinergia's premises). Plaintiff does not allege how any other program or portion of Sinergia is subject to the FLSA. *See generally* ECF No. 38. Plaintiff also does not allege how any Direct Support Professional ("DSP") is individually covered under the FLSA, other than stating so in conclusory fashion. *See* ECF No. 38 ¶ 44 (referring to Plaintiff and the purported collective as "covered individuals").

In its Order of October 4, 2022, this Court conditionally certified "a collective of [DSPs] who *worked at Sinergia* at any time on or after May 4, 2019." ECF No. 33 at 9 (emphasis added). In the wake of Plaintiff's amended allegations, the Order should be amended. Not every DSP of Sinergia is subject to the FLSA. Only DSPs who worked or work in Sinergia's residential program can be subject to the FLSA. DSPs who worked or work in other programs, such as in Sinergia's non-residential programs, are not covered under the FLSA and therefore cannot opt-in to this lawsuit as part of an FLSA collective.

For the foregoing reasons, Defendants respectfully request that the Court amend its Order to limit the scope of the conditionally certified FLSA collective only to individuals who served as DSPs in Sinergia's residential services program since May 4, 2019. If Plaintiff objects to this, then dissemination of notices to any potential FLSA collective member should continue to be stayed pending discovery on whether Sinergia in its entirety is subject to the FLSA. This would require bifurcation of discovery to address the FLSA coverage issue first.

We thank the Court for its time and attention to this matter and are available to discuss in further detail with the Court if necessary.

Respectfully submitted,

/s/ *Gianfranco J. Cuadra*

cc: Plaintiff's attorneys (via ECF)   Gianfranco J. Cuadra

---

Application DENIED. All deadlines are currently stayed through November 18, 2022, the deadline by which Defendant must move for judgment on the pleadings as to the first amended complaint. *See* Dkt. 37. The Court will not amend its October 4, 2022, Opinion, which related to Plaintiff's first complaint. Defendant had to have been aware of this issue at the time of the briefing on the conditional certification motion. It should have raised this argument at that time. Defendant also did not timely move for reconsideration, perhaps because it did not anticipate being able to meet the strict standard under which motions for reconsideration are considered. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

If Defendant declines to move for judgment on the pleadings, the Court encourages the parties to discuss this issue in the process of resolving "the remaining disputes regarding the form and content of the proposed notice." Opinion, Dkt. 33 at 8. If no motion for judgment on the pleadings is filed on November 18, 2022, the parties' deadline to jointly submit a revised proposed notice and consent form is **December 2, 2022**. If the parties cannot reach agreement, the parties must submit a joint letter setting forth each party's position on the remaining points of disagreement by **December 2, 2022**.

SO ORDERED.

11/14/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE