## LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
cklee@leelitigation.com

December 2, 2022

**Via ECF**
The Honorable Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *Sarr v. Sinergia, Inc. et al.*
                Case No. 1:22-cv-03610 (VEC) (RWL)

Dear Judge Caproni:

      We are counsel to Plaintiff. We write jointly with counsel to Defendants in response to Your Honor's order on November 11, 2022 [Dkt. 41].

      Parties have met and conferred regarding the proposed notice and are still dispute the following points.

### 1. Inclusion of Defendants' Counsel Contact Information in The Lawyers Representing Parties Section

*Plaintiff:*

      Plaintiff requests that the Court adopt her version of notice. Plaintiff believes that it is enough to just mention that Pechman Law Group PLLC represents Defendants. Plaintiff believes that it is not appropriate to put in Defendants contact information since Defendants are litigating against potential opt-in Plaintiffs, and the inclusion of Defendants' counsels contact information may confuse potential opt-in Plaintiffs. *See Cabrera v. Stephens*, 2017 U.S. Dist. LEXIS 160044, \*25 (E.D.N.Y. Sep. 28, 2017) ("A defense counsel's contact information is not required to render a form notice fair, however, and is likely to create confusion rendering distribution or collection of consent forms less effective."). If potential opt-in Plaintiffs really wanted to contact Defendants, they could simply search them given the information provided in Plaintiff's version of the notice.

*Defendants:*

      It is proper to include defense counsel's contact information because employees may choose to contact the company's attorney to learn more about the company's positions. Furthermore, employees who choose to represent themselves (*i.e.*, pro se) should have defense counsel's contact information. For these reasons, courts in this Circuit "have generally concluded" that defense counsel's contact information "is appropriate for inclusion in a notice to a collective action." *Cuaya v. VI Dev. Group, LLC*, No. 19 Civ. 4290 (JLC), 2020 WL 5494371, at \*10

(S.D.N.Y. Sept. 10, 2020) (approving inclusion of defense counsel's contact information in conditionally certified collective action notice in case brought by Lee Litigation Group, the same attorneys who represent plaintiff here). Inclusion of defense counsel's contact information will not confuse recipients. Both proposed versions of the notice clearly state that Pechman Law Group PLLC represents the Defendants, thereby avoiding any potential confusion. *See, e.g.*, *Martinez v. JLM Decorating Inc.*, No. 20 Civ. 2969 (AJN), 2021 WL 4253395, at *4 (S.D.N.Y. Sept. 17, 2021) ("Although Plaintiffs argue that the inclusion of defense counsel's contact information could lead to confusion, the Court trusts that the parties can draft a notice that makes sufficiently clear which counsel represents which party.").

### 2. Inclusion of Plaintiff's Counsel Contact Information in Getting More Information Section

*Plaintiff*:

Plaintiff requests that the Court adopt her version of notice. Plaintiff's counsel contact information is appropriate because Plaintiff's counsel would be representative of the class. Plaintiff believes that mention of Defendants is not necessary because Defendants would be litigating against potential opt-in Plaintiffs. Therefore, Plaintiff's counsel would be better suited to provide information to potential opt-in Plaintiffs.

*Defendants*:

Defendants request that the Court adopt their version of the notice. To state that "Plaintiff's counsel would be representative of the class" is premature. There is no class action in this case. There is only a conditionally certified collective action. As Plaintiff acknowledges in her proposed consent to sue form, individuals who opt-in to this action do as a "party plaintiff." As party plaintiffs, opt-ins may proceed pro se or through their own attorneys separate from plaintiff's counsel.

Defendants' proposal makes clear to recipients that they may contact both sides or even their own independent counsel to obtain more information before joining this lawsuit. Defendants' proposal also makes clear that if the recipient does join the lawsuit, he or she should speak with his or her own attorney and not with Defendants' attorney. This is precisely what the Court envisioned in *Cuaya*. *See Cuaya*, 2020 WL 5494371, at *11.

### 3. Consent to Sue Form – Plaintiff Counsel Information

*Plaintiff*:

Plaintiff requests that the Court adopt her version of notice. As representatives of the class, Plaintiff believes that inclusion of Plaintiff's counsel information and the text above it is necessary so that potential opt-in Plaintiffs know where to send the opt-in forms if they choose to do so.

*Defendants*:

Inclusion of Plaintiff's counsel's information as the first item in the consent to sue form gives recipients the false impression that they should choose Plaintiff's counsel to represent them. Instead, recipients should know from looking at the Consent to Sue Form that they have the right to choose their own counsel or represent themselves. This information should not be buried in the in the notice. It should be prominent in the Consent to Sue Form. *See Cinar v. R&G Brenner Income Tax LLC*, No. 20 Civ. 01362 (PRK)(JRC), 2021 WL 7366924, at *9 (E.D.N.Y. Sept. 29, 2021) (rejecting burial of right to retain other counsel or proceed pro se in the notice and, instead, ordering that "the Consent form must give opt-in plaintiffs the option of indicating whether they intend to retain their own lawyer or to represent themselves").

### 4. Consent to Sue Form - Option to Choose Counsel

*Plaintiff:*

Plaintiff requests that the Court adopt her version of notice. Information of separate counsel is not necessary in the consent to sue form. If potential opt-in Plaintiffs choose different counsel to represent them, their counsel will file a separate lawsuit. Such opt-in Plaintiffs would not be part of this case.

*Defendants:*

As stated, Defendants request that the Court accept their proposal. Opt-in plaintiffs can proceed pro se, be represented by independent counsel, or be represented by Plaintiff's counsel. This information should be fairly and prominently conveyed in the Consent to Sue Form.

### 5. Message to DSPs Along With the Notice When Sent by Email or Text

*Plaintiff:*

Plaintiff believes that when the proposed notices are sent by email or text to potential opt-in Plaintiffs the body of the message that accompanies the notice should be as follows:

Dear Sir/Madam,

This is an official correspondence from the Southern District of New York and is not spam. A former employee has filed a lawsuit against Sinergia, Inc. for unpaid wages. We have included a notice with important information about the lawsuit. If you are interested in joining or learning more about the lawsuit, please read this notice carefully.

Such a message would ensure that potential opt-in Plaintiffs are given the opportunity to opt-in if they choose. Such a message would also give these potential opt-in Plaintiffs assurance that the notice is court ordered and not simply spam or a computer virus.

*Defendants:*

Defendants propose the following language for text and email communications with potential opt-ins:

> The Southern District of New York has permitted dissemination of this message to you in a lawsuit filed by a former employee of Sinergia, Inc. For information concerning this lawsuit and your rights with respect to it, please read the attached notice.

Defendants' proposal is reasonable and fair. No communication from Plaintiff's counsel is an "official correspondence" from this Court. It is simply a message permitted by the Court. Beyond stating that the Court allowed for dissemination of notice, the message should simply refer recipients to the notice that Court has authorized.

Defendants are especially concerned about texts and email communications in light of recent events and take this opportunity to explain their concern to the Court. Defendants recently learned that C.K. Lee, attorney for Plaintiff, has been contacting former employees of Sinergia, Inc. under the pretext of "investigating" Plaintiff's claims. Mr. Lee did this at least once, on November 23, 2022. In his message to a former Sinergia employee via LinkedIn, Mr. Lee states that his firm would "love to hear from you" about Plaintiff's allegations and "any information about Sinergia, Inc.'s practice of wage violations." He invites the former employee to contact him by email, text, or phone call at any time. The former employee shared this message with Sinergia, Inc. on November 23, 2022. A copy of it is available for the Court's review if necessary.

Per the Court's Order of October 4, 2022 (ECF No. 33), dissemination of the Collective Action Notice is permitted by regular mail, text, and email only. The only communications with potential opt-ins should be those permitted by the Court. There should be no additional communications, such as on social media or beyond those permitted by the Court.

As a result of the above differences, the Parties submit the following proposed notice. *See* attached.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF