# PECHMAN LAW GROUP PLLC
## ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

December 9, 2022

**VIA ECF**

Honorable Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

      Re: *Sarr v. Sinergia, Inc. et al.*, No. 22 Civ. 3610 (VEC)(RWL)
          Request to Limit Contact with Current and Former Employees

Dear Judge Caproni:

     Per the Court's Order of December 6, 2022 (ECF No. 43), Defendants submit this letter-motion to provide additional background and explain why Plaintiff's counsel should be precluded from contacting the current and former employees of Sinergia, Inc. ("Sinergia") in any form other than as permitted by this Court for purposes of disseminating notice of the conditionally certified FLSA collective action.

## I.    Background

     The Court conditionally certified an FLSA collective action on October 4, 2022. ECF No. 33. On November 15, 2022, the Court ordered the Parties to submit a joint revised notice by December 2, 2022. ECF No. 41 at 3. At 6:11 p.m. on November 22, 2022, the undersigned served an offer of judgment on Plaintiff's counsel by email. In it, Sinergia offered Plaintiff an amount equal to 100% of her highest possible damages (inclusive of all categories of damages, such as statutory and liquidated damages) as calculated by her attorneys based purely on her allegations and without considering any of the records that Sinergia produced long before the filing of Plaintiff's Amended Complaint.[1] Sinergia offered this to Plaintiff *alone*, with Plaintiff's reasonable attorneys' fees and costs to be paid separately in an amount agreed to between the Parties or, if there was no agreement, to be decided by the Court.

---

[1]     Defendants note that Sinergia's documents produced flatly disprove Plaintiff's allegations about travel time and, at the very least, cast serious doubt on her allegations about unpaid breaks. Despite this, Plaintiff still filed an Amended Complaint with unchanged allegations about alleged unpaid hours for travel and breaks. *Compare* ECF No. 1 *and* ECF No. 38. If Sinergia proves that Plaintiff made all or part of her allegations without a factual basis, it will seek appropriate sanctions. *See* ECF No. 39 ¶ 77. Counsel also recognizes that a District Judge typically does not want to know about settlement discussions. As is explained in further detail below, these details are relevant here to show why Plaintiff's counsel's message to the former Sinergia employee was really solicitation and not a legitimate "investigation" of claims.

The next morning, counsel for the Parties had a call to discuss collective action notices and the offer of judgment. Mr. C.K. Lee did not participate in the call. Despite acknowledging the significant benefit of the offer of judgment to Plaintiff, Plaintiff's counsel said that Mr. Lee still wants to know how many people would be in the potential collective action. The undersigned replied that whether there are three or three million potential collective action members should be irrelevant to Plaintiff's response to the offer of judgment, and that conditioning her response on obtaining this information raises potential ethical concerns. The undersigned again stressed that considering the records produced, the offer amounts to many times more than Plaintiff can ever realistically recover in this case even if she were successful on a class basis and received a service award from the Court. Counsel stated that they would speak with Plaintiff and advise.

At 11:59 a.m. on November 23, 2022, Plaintiff's counsel emailed defense counsel saying that the deadline for acceptance of the Rule 68 offer of judgment is December 6, 2022, and that the Parties must still provide a proposed FLSA collective action notice and consent to the Court by December 2, 2022, "while we are considering your offer." The undersigned replied fifteen minutes later saying Defendants would provide edits to the proposed notice. Louis Pechman, attorney for Defendants, also replied by email at 1:15 p.m. asking if we could have Plaintiff's decision by Monday, November 28, 2022, to avoid doing unnecessary work if Plaintiff accepts. At 2:47 p.m., Mr. Lee replied stating that a "response is unlikely by Monday since I am out until middle of week. I will need to speak to client directly." At 3:21 p.m., Mr. Pechman replied suggesting that Mr. Lee simply call his client with the good news before the Thanksgiving break and, again, stated that Defendants would appreciate having a prompt response to avoid paying for unnecessary attorney work if this matter will be resolved. There was no response to this request.

Instead, almost an hour later at 4:28 p.m. the same day, Mr. Lee sent the attached message to a former employee of Sinergia (attached as Exhibit 1). In it, Mr. Lee states that he is "investigating the claims of a Direct Support Professional of Sinergia, Inc., who claims that he [*sic*] was not paid for travel time. In addition, he [*sic*] and others were automatically deducted hours for meal breaks that were not taken." *See* Ex. 1. Mr. Lee states his firm would love to hear from the employee about this or any other "wage violations" of Sinergia. *Id.* The message ends by inviting the employee to contact Mr. Lee directly, who makes himself available by "text or phone call . . . at any time." *Id.*

The former employee forwarded counsel's message to Sinergia.[2] Seeing Plaintiff's counsel was determined to continue this case with or without Ms. Sarr, Defendants withdrew the offer of judgment at 6:55 p.m. on November 23, 2022.[3] As if this were not

---

[2]      Defendants wish they could say this is the only such message shared with them. As is explained below, just this afternoon Sinergia learned of a second message sent to one of their current employees (attached as Exhibit 2). Based on Plaintiff's counsel's history of doing this in other matters, it is likely that Plaintiff's counsel has already contacted more employees of Sinergia. *See, e.g.*, *Rahman v. Limani 51, LLC*, No. 20 Civ. 6708 (AJN), at *1 (S.D.N.Y. Mar. 2, 2021) (ECF No. 29 (defendants reporting to Court that plaintiff's counsel is soliciting clients from defendants' other restaurant locations, where plaintiff did not work, to attempt to include those locations in an amended complaint and purported class action)).

[3]      It is unknown whether Plaintiff was ever informed of the offer of judgment. Based on the amount offered and evidence exchanged to date, no reasonable plaintiff would have rejected the offer. If she had

enough, the undersigned learned this afternoon, December 9, 2022, that Plaintiff's counsel contacted yet another current employee of Sinergia today with the same message (attached as Exhibit 2). To be clear, counsel sent this message the day after the Court approved notices to be sent to the putative FLSA collective. *See* ECF No. 45.

## II.   Request to Limit Contact with Potential Opt-Ins

Once the Court has conditionally certified an FLSA collective action, as the Court did here on October 4, 2022 (ECF No. 33), the Court takes control and "set[s] all of the parameters of [the notice] process," including the contents of communications with potential opt-ins and how and when they take place. *See Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 164 (N.D.N.Y. 2008). The Court has a "substantial" interest in "preventing undue confusion among putative members of class or FLSA collective actions" during the notice phase. *Shibetti v. Z Rest. Diner & Lounge Inc.*, No. 18 Civ. 856 (BMC), 2021 WL 1738315, at *7 (E.D.N.Y. May 3, 2021) (quoting *Hinterberger v. Catholic Health Sys., Inc.*, No. 08 Civ. 380S(F), 2010 WL 3395672, at *8 (W.D.N.Y. May 13, 2010)). The Court has broad discretion in setting the parameters of how, when, and what is communicated to potential opt-ins following conditional certification. *Id.* at *8. As Judge Cogan has explained:

> There is often an unspoken but well understood conflict in FLSA actions: plaintiffs (or rather their counsel) want a large collective to increase potential damages and attorney's fees, and defendants want the collective and their potential liability to be as small as possible. Court-facilitated notice helps to balance these competing interests. The disputes over such notices can be quite petty, but Court approval "ensures that the notice is timely, accurate, and informative," and "both the parties and the court benefit from settling disputes about the content of the notice before it is distributed." *Those benefits are eviscerated if plaintiff's counsel does not fully disclose its plans for the notice or sends a notice that deviates from the version approved by the Court*.

*Panora v. Deenora Corp.*, 521 F. Supp. 3d 177, at 179–80 (E.D.N.Y. 2021) (quoting *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 172 (1989)) (emphasis added). This is happening and will continue to happen here if Plaintiff's counsel is given free rein to solicit Sinergia's employees under the pretext of "investigating" Plaintiff's claims.

As an initial matter, there was no "investigation" by the afternoon of November 23, 2022, because by then Plaintiff had been offered more money than she can ever recover in this Action. "Investigating" Plaintiff's claims was a pretext to solicit the former employee, both in the message itself and in a follow-up call, and to continue this action without Plaintiff following her acceptance of the offer of judgment. There was likewise

---

accepted it, this case would have ended, and dissemination of notices would not be required as moot. As the Court noted in the initial pretrial conference in this matter, one has to wonder whether it is really the plaintiff who wants to forgo settlement and pursue her claims on a collective and/or class action basis.

not "investigation" today, December 9, 2022, because Plaintiff's counsel emailed the undersigned this afternoon to schedule the separate depositions of Sinergia, Inc. (Rule 30(b)(6)), Plaintiff's direct supervisors, and the representatives of the Payroll and Human Resources Departments of the Company.

Second, the unauthorized message is problematic as a one-sided and inaccurate recitation of Plaintiff's claims. Counsel sent the message *after* the Court had already conditionally certified the FLSA collective action and ordered the Parties to submit a proposed notice, thereby circumventing the notice process the Court had ordered the Parties to complete. *See* ECF No. 41 at 3. Notably, to buy more time to solicit clients and avoid terminating the lawsuit, counsel himself stated on November 23, 2022, that the notice had to be completed by December 2, 2022, while "we are considering" the offer of judgment, yet still proceeded to send the message.

Counsel's message lacks the information in the Court's revised notice (ECF No. 43–1), which makes clear that opt-ins have the right to retain their own counsel or proceed *pro se*. ECF No. 43–1 at 5. The revised notice provides defense counsel's contact information (*id.* at 2–3), clarifies that Plaintiff's claim for "unpaid travel time" (Ex. 1) is really about "unpaid travel time *between work locations*" (ECF No. 43–1 at 2 (emphasis added)), and explains the potential consequences of joining the lawsuit as an opt-in plaintiff (*id.*). The notice refers to the specific claims at issue, as opposed to issuing a general invitation to discuss Sinergia's alleged "wage violations" with Plaintiff's counsel. *Compare* Ex. 1 *with* ECF No. 43–1. Notably, the notice states that Plaintiff alone has filed a lawsuit making certain claims whose merit the Court has not yet decided (ECF No. 43–1 at 1), yet counsel's message improperly states as a matter of fact that Ms. Sarr (incorrectly referred to as a "he") "*and others* were automatically deducted hours for meal breaks that were not taken." Ex. 1 (emphasis added).

This type of communication confuses potential opt-ins. Allowing Plaintiff's counsel to continue to contact Sinergia's current and former employees eviscerates the benefits of having a court-approved notice and consent form. Accordingly, Sinergia respectfully requests that the Court preclude Plaintiff's counsel from further contacting its current and former employees except in the forms authorized by the Court for purposes of disseminating notices. The Court has allowed Plaintiff to disseminate notices by email and text (with specific body text approved by the Court, ECF No. 43) and by regular mail only (ECF No. 33 at 8 (finding proposed methods of dissemination by text, email, and mail to be "more than adequate")).

We thank the Court for its time and attention to this matter and are available to discuss in further detail with the Court if necessary.

Respectfully submitted,

*/s/ Gianfranco J. Cuadra*

Gianfranco J. Cuadra

cc: Plaintiff's attorneys (via ECF)