**LEE LITIGATION GROUP, PLLC**
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:    212-465-1188
cklee@leelitigation.com

December 16, 2022

<u>Via ECF</u>
The Honorable Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>*Sarr v. Sinergia, Inc. et al.*</u>
             <u>Case No. 1:22-cv-03610 (VEC) (RWL)</u>

Dear Judge Caproni:

      We are counsel to Plaintiff in the above-captioned action and write in response to the Court's December 14, 2022, Order directing Plaintiff to provide the court with (a) a revised declaration stating when and by whom she was notified of Defendants' Rule 68 Offer and (b) "legal authority for [Plaintiff's] proposition that LinkedIn messages are not 'computer-accessed communications' pursuant to N.Y.R.P.C. 7.3 and 1.0(c)."

      The revised declaration is attached to this letter as **Exhibit A**. As to the LinkedIn messages, Plaintiff first and foremost stresses that these constitute *investigations*, not solicitations, since the subject of inquiry forms part of an ongoing case already filed. The communications request information. They do not invite recipients to join the lawsuit. To the extent these communications can be classified as "solicitations," they are solicitations for cooperation, which has been deemed legitimate both by courts and by the ABA Standing Committee on Ethics and Professional Responsibility:

> "When the interests of a client will be served by enlisting the cooperation of others similarly situated, an attorney may solicit or participate in soliciting such cooperation, provided his motive is not to benefit himself." "[W]hen an attorney has been legitimately and properly retained by a litigant, and the needs of that litigant will be promoted by enlisting the cooperation of others who are actually interested in the outcome of the litigation, the attorney may solicit or participate in the solicitation of such cooperation. *** [S]uch solicitation is an exception to the general rule, tolerated only in the interest of a client and not in a lawyer's own interest, and the lawyer is under the duty to see that the solicitation is conducted in a dignified manner"… Class actions are no different in principle than any other species of litigation to the extent the ethics of our profession permit a lawyer to advance the legitimate interests of his client by soliciting the aid of others including potential members of the class.

ABA Standing Committee on Ethics and Professional Responsibility Opinion 07-445

The communications of Plaintiff's counsel are very clearly permitted under the New York Rules of Professional Conduct. Plaintiff does not dispute that these qualify as "computer-accessed communications" under N.Y.R.P.C. 1.0(c). However, the prohibition in N.Y.R.P.C. 7.3 applies to "*real-time or interactive* computer-accessed communication," not computer-accessed communication as such (emphasis added). This expression is not defined in N.Y.R.P.C. 1.0, but Comment 9 to N.Y.R.P.C. 7.3 clarifies the meaning:

> [9] Paragraph (a) generally prohibits in-person solicitation, which has historically been disfavored by the bar because it poses serious dangers to potential clients. For example, inperson solicitation poses the risk that a lawyer, who is trained in the arts of advocacy and persuasion, may pressure a potential client to hire the lawyer without adequate consideration. These same risks are present in telephone contact or by real-time or interactive computer accessed communication and are regulated in the same manner. The prohibitions on in-person or telephone contact and by real-time or interactive computer-accessed communication do not apply if the recipient is a close friend, relative, former or current client. Communications with these individuals do not pose the same dangers as solicitations to others. However, when the special 30-day (or 15-day) rule applies, it does so even where the recipient is a close friend, relative, or former client. Ordinary email and web sites are not considered to be real-time or interactive communication. Similarly, automated pop-up advertisements on a web site that are not a live response are not considered to be real-time or interactive communication. Instant messaging, chat rooms, and other similar types of conversational computer-accessed communication are considered to be real-time or interactive communication.

The foregoing makes clear that mere emails do not count as real-time or interactive communication, which is also confirmed by case law. For example:

> Under New York's Rules of Professional Conduct, "[a] lawyer shall not engage in solicitation …by real-time or interactive computer-accessed communication unless the recipient is a close friend, relative, former client or existing client . . . ." N.Y. St. R.P.C. Rule 7.3. While the record in this case includes deposition testimony by plaintiff Kucker that she commenced this lawsuit after receiving an email from Plaintiffs' counsel, and, further, that she had not considered commencing a legal action against Petco before receiving that email (Kucker Tr. 13:5-22), there is no evidence that Plaintiff's counsel engaged in "real-time or interactive" communication with plaintiff Kucker. As Plaintiffs point out, the mere fact that plaintiff Kucker received an email from Plaintiffs' counsel and subsequently decided to commence the lawsuit is not sufficient to establish that improper solicitation occurred. (Pl. Reply Mem., at 9-10.)

*Kucker v. Petco Animal Supplies Stores, Inc.*, 2016 U.S. Dist. LEXIS 6416, *52-53 (S.D.N.Y. Jan. 19, 2006).

LinkedIn messages of the kind sent by Plaintiff's counsel are the functional equivalent of an email. Indeed, these messages are received through the recipient's email inbox. The only

difference is that they have been sent through the intermediary of a social media platform rather than directly between private email accounts. That is a distinction without a difference, in light of the purpose of N.Y.R.P.C. 7.3, which is to safeguard against "the risk that a lawyer, who is trained in the arts of advocacy and persuasion, may pressure a potential client to hire the lawyer without adequate consideration." Plaintiff's counsel's messages cannot create any such pressure, as they invite recipients to respond by text, phone call, or email. There is no text box suggesting that recipients should immediately engage in instant messaging with Plaintiff's counsel, as there would be with an interactive or real-time computer app. That there exists no general prohibition against "computer accessed communication" as such is confirmed by 7.3(f), which provides that "[a]ny solicitation made in writing or by computer-accessed communication and directed to a pre-determined recipient, if prompted by a specific occurrence involving or affecting a recipient, shall disclose how the lawyer obtained the identity of the recipient and learned of the recipient's potential legal need" (Plaintiff's counsel's messages were not so prompted).

We thank the Court for its kind consideration.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF